FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

2012 NOV 21  PH 2: 17

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS

| | |
|---|---|
| KENNETH BUTLER, SR., an individual<br>                    Plaintiff,<br>        vs.<br><br>BALKAMP INC.,<br>NATIONAL AUTO PARTS ASSOCIATION,<br>GENUINE PARTS COMPANY CORPORATION,<br>TIEN-I INDUSTRIAL CORPORATION, LIMITED,<br>        and<br>YUH YEOU INDUSTRY CO., LTD<br>                    Defendants | Civil Action No:<br><br>1: 12 -cv- 1 7 1 6 SEB -DML |

## COMPLAINT FOR PATENT INFRINGEMENT
## JURY TRIAL DEMANDED

Plaintiff, Kenneth Butler, Sr. ("Butler"), brings this Complaint for patent infringement

against Defendants Balkamp Inc., National Auto Parts Association, Genuine Parts Company

Corporation, Tien-i Industrial Corporation, Limited, and Yuh Yeou Industry Co., LTD

("Defendants") as outlined below.

## THE PARTIES

1.      Plaintiff Kenneth Butler, Sr. (hereinafter "Plaintiff") is a private individual having

a principal place of residence located at 23 Munyan Road, Putnam, Connecticut 06260.

2.      Upon information and belief, Defendant Balkamp, Inc. (hereinafter "Balkamp") is

an Indiana Corporation having a principal place of business located at 2601 South Holt Road,

Indianapolis, Indiana 46241.

3.      Upon information and belief, Defendant National Auto Parts Association

(hereinafter "NAPA"), is a Georgia non-profit organization having a principal place of business

located at 2999 Circle 75 Pkwy Atlanta GA 30339.

4.       Upon information and belief,  Defendant Genuine Parts Company Corporation

(hereinafter "GPC"), is a Georgia Corporation located at 2999 Circle 75 Pkwy Atlanta, GA

30339.

5.       Upon information and belief, Balkamp is a subsidiary or affiliate of Defendant

NAPA,  and NAPA is a division of Defendant GPC.

6.       Upon information and belief,  Defendant, Tien-I Industrial Corporation, Limited

(hereinafter "Tien-i") is a Taiwanese Company having a principal place of business located at

No. 51, Industrial 36th Road, Industrial District, Taichung, Taiwan Republic of China, 40768.

7.       Upon information and belief, Yuh Yeou Industry Co.Yuh Yeou, LTD (hereinafter

"Yuh Yeou") is a Taiwanese Company having a principal place of business located at 4F-1,No.7,

Ln173, Shang'an Rd; Xitun District; Taichung city 407, Taiwan Republic of China.


## JURISDICTION AND VENUE

8.       This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331-32

and1338(a).

9.       Upon information and belief, this Court has personal jurisdiction over Defendants

Balkamp, NAPA, GPC, Tien-i, and Yuh Yeou, because these Defendants make, import,

distribute, use, sell, and/or offer to sell the Infringing Product (defined hereinafter) with the

knowledge and/or intent that the Infringing Product will be offered for sale, sold, or used

throughout the United States, including the Southern District of Indiana.


-2-

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and §1400(b) in that, upon information and belief, infringing activities occurred in this district.

## GENERAL ALLEGATIONS

11.     Plaintiff is the owner of U.S. Design Patent No. D500,646, issued by the United States Patent and Trademark Office on January 11, 2005, entitled, "Tool Handle" (hereinafter "the '646 patent").

12.     The '646 patent is valid and enforceable. The term of the '646 patent is set to expire on January 11, 2019.  A true and correct copy of the '646 patent is attached to this Complaint as Exhibit A.

13.     Plaintiff is the owner of all right, title, and interest in and to the ' 646 patent and possesses all rights of recovery under the '646 patent, including the right to sue for infringement and recourse for damages.

14.     Defendants have used, manufactured, sold, offered for sale, and/or imported tool handles generally identified as: "extension socket" "spinning impact extension" and "spinning impact socket extension" and identified as at least including NAPA part numbers: 61-3507, 61-5808 and 61-6725 and Tien-i product numbers: CIX208, CIX308, CIX408 and CIX610, as well a numerous other model numbers (the "Accused Products") in the U.S, which apply the patented design of the '646 patent, or a colorable imitation thereof, to the tool handle which is an article of manufacture, for the purpose of sale in violation of 35 U.S.C. §298 and §271.

15.     On information and belief, Defendant, Tien-i manufactures, offers for sale, and sells Accused Products.  On information and belief, Tien-i is aware that the Accused Products have been imported into the U.S. for sale.

-3-

16.     On information and belief, Defendant, Yuh Yeou manufactures, offers for sale and sells Accused Products. On information and belief, Yuh Yeou is aware that the Accused Products have been imported into the U.S. for sale.

17.     On information and belief, Defendant, GPC imports, offers for sale and sells Accused Products manufactured by other companies, including Tien-i and Yuh Yeou.

18.     On information and belief, Defendant, NAPA offers for sale and sells Accused Products in their catalogs and through subsidiary entities.

19.     On information and belief, Defendant Balkamp, a subsidiary entity of GPC and NAPA, offers for sale and sells Accused Products.

20.     On January 11, 2012, Plaintiff in Connecticut visited Balkamp's place of business located at 340 School Street, Putnam, Connecticut 06260 and observed a product which looked confusingly similar to the patented product. Plaintiff purchased a NAPA spinning extension tool bearing the item number NPT 613507 being offered for sale.

21.     Plaintiff surveyed numerous typical consumers of auto repair products and found them unable to differentiate between the patented product and the infringing product.

22.     The product looks confusingly similar, such that an ordinary consumer giving the product the normal amount of pre-purchase consideration would be likely to purchase the infringing product believing it to be the patented product.

23.     Plaintiff informed Defendants NAPA and Balkamp of the confusion and notified them of Plaintiff's patent rights. Upon information and belief, Defendants GPC, and their subsidiaries, including but not limited to, NAPA, are aware that the Infringing Product is being and/or has been offered for sale at Balkamp and other stores including those in this Judicial

district.

24.     Defendants have not sought, nor obtained, a license under the '646 patent and are not authorized or permitted to market, manufacture, use, offer for sale, sell or import the invention claimed in the '646 patent.

**COUNT I**
**INFRINGEMENT OF THE D500,646 DESIGN PATENT**

25.     Plaintiff realleges each and every allegation set forth above and incorporates them by reference as though fully set forth herein.

26.     Plaintiff owns and has at all times owned and has had standing to sue for infringement of the '646 patent, which was duly and legally issued on January 11, 2005.

27.     The claim of the '646 patent is presumed valid pursuant to 35 U.S.C. § 282.

28.     Upon information and belief, Defendants Tien-i and Yuh Yeou, in violation of 35 U.S.C. § 271 and §289, have been and are currently infringing, contributorily infringing and/or inducing others to infringe the claim of the '646 patent, either literally or under the doctrine of equivalents, by making, causing to be made, using, offering for sale, selling and/or importing into the United States, without license or authority, at least the Accused Products, which have an ornamental appearance substantially as depicted and claimed in the '646 patent.  Defendants Tien-i and Yuh Yeou have applied the patented design of the '646 patent, or a colorable imitation thereof, to articles of manufacture for the purpose of sale and have sold and exposed for sale articles of manufacture to which the design of the '646 patent or colorable imitation has been applied.

29.     Upon information and belief, Defendants GPC, NAPA and Balkamp, in violation of 35 U.S.C. § 271and §289, have been and are currently infringing, contributorily infringing

-5-

and/or inducing others to infringe the claim of the '646 patent, either literally or under the doctrine of equivalents, by making, causing to be made, using, offering for sale, selling and/or importing into the United States, without license or authority, at least the Accused Products, which have an ornamental appearance as depicted and claimed in the '646 patent. Defendants GPC, NAPA and Balkamp have applied or caused to be applied the patented design of the '646 patent, or a colorable imitation thereof, to articles of manufacture for the purpose of sale and have sold and exposed for sale articles of manufacture to which the design of the '646 patent or colorable imitation has been applied.

30.     Defendants have willfully infringed and, upon information and belief, will continue to willfully infringe upon the claim of the '646 patent by the use, manufacture, offer for sale, sale, and/or importation of the Infringing Product unless this Court enjoins Defendants' infringing activities.

31.     As a result of the Defendants' willful infringement of the '646 patent, Plaintiff has been damaged to an extent not yet determined.

### DAMAGES

32.     Plaintiff is entitled to monetary damages adequate to compensate Plaintiff for the infringement of the Defendants, in an amount at least equal to a reasonable royalty under 35 U.S.C. §284, is entitled to increased damages under 35 U.S.C. § 284, together with interest, costs, and attorneys fees, is entitled to an award of attorneys fees under 35 U.S.C. §285, is entitled to an award of the total profits of each infringer under 35 U.S.C. §289, and is entitled to enjoin Defendants from further infringement of the '646 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief as may be recoverable for the foregoing offenses, including:

33.   a judgment that Defendants be each individually held to have infringed the claim of the '646 patent;

34.   a permanent injunction enjoining Defendants, their customers, licensees, directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with them be enjoined from directly or indirectly infringing the' 646 patent;

35.   an accounting for damages arising from the infringement of the' 646 patent by the Defendants and those in privity with them;

36.   an award of damages adequate to compensate for the infringement of the '646 patent, together with prejudgment and post-judgment interest thereon, and costs fixed by the Court, as provided by 35 U.S.C. § 284;

37.   an accounting and payment by Defendants to Plaintiff of all profits realized by Defendants from the unlawful acts complained of herein pursuant to 35 U.S.C. §289;

38.   a judgment that the infringement of the '646 patent was and is willful, and an award to Plaintiff of increased damages in accordance with 35 U.S.C. § 284;

39.   a declaration that this is an exceptional case and that Plaintiff be granted reasonable attorneys' fees in accordance with 28 U.S.C. § 285; and

40.   a grant to Plaintiff of any such other relief as the Court may deem just, equitable, or proper.

-7-

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Joseph J. Zito
Joseph J. Zito
DNL Zito
1250 Connecticut Avenue, NW
Suite 200
Washington, DC 20036
Attorneys for Plaintiff
Kenneth Butler, Sr.

-8-