IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH BUTLER, SR., an individual ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:12-cv-1716-SEB-DML |
| ) | |
| BALKAMP INC., ) | |
| NATIONAL AUTO PARTS ASSOCIATION, ) | |
| GENUINE PARTS COMPANY CORPORATION, ) | |
| TIEN-1 INDUSTRIAL CORPORATION, LIMITED, ) | |
| and ) | |
| YUH YEOU INDUSTRY CO., LTD ) | |
| ) | |
| Defendants. ) | |

**ANSWER OF DEFENDANTS NATIONAL AUTO PARTS ASSOCIATION,
GENUINE PARTS COMPANY CORPORATION, AND BALKAMP INC.**

Defendants National Automotive Parts Association ("NAPA"), Genuine Parts Company ("GPC"), and Balkamp Inc. ("Balkamp")[1] submit this Answer, Affirmative Defenses and Demand for Jury Trial to the Complaint (Document 1) of Plaintiff Kenneth Butler, Sr. filed on November 21, 2012.  Except as otherwise admitted, qualified, or explained herein, NAPA, GPC, and Balkamp deny the allegations of Plaintiff's Complaint.

**AS TO THE PARTIES**

1. NAPA, GPC, and Balkamp lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and thus deny them.

2. NAPA, GPC, and Balkamp admit the allegations in paragraph 2.

3. NAPA, GPC, and Balkamp admit the allegations in paragraph 3.

4. NAPA, GPC, and Balkamp deny that NAPA is a Georgia non-profit organization.  NAPA's jurisdiction of formation is Michigan.  NAPA admits that its

---

[1] NAPA, GPC, and Balkamp are misnamed "Balkamp, Inc.," "National Auto Parts Association," and "Genuine Parts Company Corporation" in Plaintiff's Complaint and case caption.

{00626715- }

1

20380676v1

business address is 2999 Circle 75 Pkwy, Atlanta, Georgia 30339.  Except as expressly admitted, NAPA, GPC, and Balkamp deny the allegations in paragraph 4.

5. NAPA, GPC, and Balkamp admit that Balkamp is a majority-owned subsidiary of GPC and that NAPA's parent company is GPC.  Except as so expressly admitted, NAPA, GPC and Balkamp deny the allegations in paragraph 5.

6. NAPA, GPC, and Balkamp lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 as they relate to another defendant and thus deny them.

7. NAPA, GPC, and Balkamp lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 as they relate to another defendant and thus deny them.

## AS TO JURISDICTION AND VENUE

8. NAPA, GPC, and Balkamp admit the allegations in paragraph 8.

9. NAPA, GPC, and Balkamp admit only that this Court has personal jurisdiction over them, but deny the rest of the allegations in paragraph 9 that they have committed and continue to commit infringing acts or made, imported, distributed, used, sold, or offered to sell infringing products.

10. NAPA, GPC, and Balkamp admit only that venue is proper in this judicial district, but deny the rest of the allegations in paragraph 10 that infringing activities occurred in this district.

## AS TO GENERAL OBJECTIONS

11. NAPA, GPC, and Balkamp admit that the copy of U.S. Design Patent No. D500,646 (the "D'646 Patent") attached as Exhibit A to Plaintiff's Complaint and having the stated title in paragraph 11 issued on January 11, 2005 and names Plaintiff as the inventor.  Except as expressly admitted, NAPA, GPC, and Balkamp lack

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and thus deny them.

12.     NAPA, GPC, and Balkamp deny the allegations of the first sentence in paragraph 12 and admit the allegations in the second and third sentences in paragraph 12.

13.     NAPA, GPC, and Balkamp lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and thus deny them.

14.     NAPA, GPC, and Balkamp admit only that Balkamp imported and GPC offered for sale and sold at retail part numbers 61-3507, 61-5808, and 61-6725. NAPA denies that it has had any involvement in the use, manufacture, sale, offer for sale, or importation of such part numbers. NAPA, GPC, and Balkamp deny the rest of the allegations in paragraph 14 including the allegation that such part numbers apply the claimed design of the D'646 Patent or violate the patent laws.

15.     NAPA, GPC, and Balkamp lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 as they relate to another defendant and thus deny them.

16.     NAPA, GPC, and Balkamp lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 as they relate to another defendant and thus deny them.

17.     NAPA, GPC, and Balkamp admit only that GPC offered for sale and sold at retail part numbers 61-3507, 61-5808, and 61-6725. NAPA, GPC, and Balkamp deny the rest of the allegations in paragraph 17.

18.     NAPA, GPC, and Balkamp deny the allegations in paragraph 18.

19. NAPA, GPC, and Balkamp admit only that Balkamp imported part numbers 61-3507, 61-5808, and 61-6725. NAPA, GPC, and Balkamp deny the rest of the allegations in paragraph 19.

20. NAPA, GPC, and Balkamp lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and thus deny them.

21. NAPA, GPC, and Balkamp lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and thus deny them.

22. NAPA, GPC, and Balkamp deny the allegations in paragraph 22.

23. NAPA, GPC, and Balkamp admit that Plaintiff has communicated with them about the D'646 Patent but deny that they offered for sale or sold any infringing products. Except as expressly admitted, NAPA, GPC, and Balkamp deny the allegations in paragraph 23.

24. NAPA, GPC, and Balkamp admit that they are not licensed under D'646 Patent, but deny that such a license was required from Plaintiff to sell the accused parts. Except as expressly admitted, NAPA, GPC, and Balkamp deny the allegations in paragraph 24.

## AS TO COUNT I
## ALLEGED INFRINGEMENT OF THE D'646 PATENT

25. NAPA, GPC, and Balkamp reallege and incorporate by reference their answers to paragraph 1 to 24 above as though fully set forth herein.

26. NAPA, GPC, and Balkamp deny that the D'646 Patent was duly and legally issued. NAPA, GPC, and Balkamp lack knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 26 and thus deny them.

27. The allegations of paragraph 27 constitute legal argument and legal conclusions regarding the patent laws rather than factual allegations, and therefore

require no response. To the extent a response is required, NAPA, GPC, and Balkamp deny the allegations in paragraph 27.

28. NAPA, GPC, and Balkamp lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 as they relate to other defendants and thus deny them.

29. NAPA, GPC, and Balkamp deny the allegations in paragraph 29.

30. NAPA, GPC, and Balkamp deny the allegations in paragraph 30.

31. NAPA, GPC, and Balkamp deny the allegations in paragraph 31.

## AS TO ALLEGED DAMAGES

32. NAPA, GPC, and Balkamp deny the allegations in paragraph 32.

## AS TO PRAYER FOR RELIEF

The Complaint contains a prayer for relief which requires no response. To the extent a response is required, NAPA, GPC, and Balkamp deny that Plaintiff is entitled to any relief against them and specifically deny each and every allegation of the following numbered paragraphs 33 to 40 of the ad damnum clause:

33. NAPA, GPC, and Balkamp deny the allegations in paragraph 33.

34. NAPA, GPC, and Balkamp deny the allegations in paragraph 34.

35. NAPA, GPC, and Balkamp deny the allegations in paragraph 35.

36. NAPA, GPC, and Balkamp deny the allegations in paragraph 36.

37. NAPA, GPC, and Balkamp deny the allegations in paragraph 37.

38. NAPA, GPC, and Balkamp deny the allegations in paragraph 38.

39. NAPA, GPC, and Balkamp deny the allegations in paragraph 39.

40. NAPA, GPC, and Balkamp deny the allegations in paragraph 40.

## AS TO DEMAND FOR JURY TRIAL

NAPA, GPC, and Balkamp admit that Plaintiff has requested a trial by jury, and NAPA, GPC, and Balkamp themselves request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

NAPA, GPC, and Balkamp state the following separate defenses without assuming the burden of proof that otherwise would rest with Plaintiff as to those matters including defenses which are not deemed affirmative defenses by law.

## FIRST DEFENSE—FAILURE TO STATE A CLAIM

The Complaint fails to state a claim against NAPA, GPC, and Balkamp upon which relief can be granted.

## SECOND DEFENSE—INVALIDITY

U.S. Design Patent No. D500,646 (the "D'646 Patent") is invalid for failure to comply with one or more of the provisions of Title 35, United States Code, including, but not limited, to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD DEFENSE—NON-INFRINGEMENT

NAPA, GPC, and Balkamp have not directly or indirectly infringed, induced infringement of, or contributed to the infringement of any valid claim of the D'646 Patent.

## FOURTH DEFENSE—ESTOPPEL

Plaintiff is barred from asserting the D'646 Patent under the doctrine of estoppel, including equitable estoppel, prosecution history estoppel, and/or judicial estoppel.

## FIFTH DEFENSE—LIMITATION OF DAMAGES

Plaintiff's claim for damages is barred or limited in whole or in part under 35 U.S.C. §§ 286 and/or 287.

## SIXTH DEFENSE—NO RIGHT TO INJUNCTIVE RELIEF

Plaintiff is not entitled to any injunctive relief from this Court, because Plaintiff has at least not shown a likelihood of success and has an adequate remedy at law and is not subject to the threat of suffering any irreparable injury or damages arising from the allegations of the Complaint.

## SEVENTH DEFENSE—RESERVATION OF OTHER DEFENSES

NAPA, GPC, and Balkamp reserve the right to add any additional affirmative defenses that may become evident during the course of discovery in the case.

## DEMAND FOR JURY TRIAL

NAPA, GPC, and Balkamp demand a jury trial on all issues so triable in Plaintiff's Complaint under Fed. R. Civ. P. 38(b).

## PRAYER FOR RELIEF

WHEREFORE, NAPA, GPC, and Balkamp respectfully request that this Court enter a judgment in their favor:

1. Dismissing Plaintiff's Complaint, with prejudice;

2. Declaring and adjudging that NAPA, GPC, and Balkamp have not infringed any valid claim of the D'646 Patent;

3. Declaring and adjudging that the claims of the D'646 Patent are invalid;

4. Declaring this case exceptional and awarding NAPA, GPC, and Balkamp their attorney's fees and costs; and

5. Awarding NAPA, GPC, and Balkamp such other, different and further relief as this Court deems just and proper.

Respectfully submitted this 15th day of April, 2013.

                                         <u>*s/ James W. Riley, Jr.*</u>
                                         James W. Riley, Jr. , Esq.
                                         Indiana Bar # 6073-49
                                         RILEY BENNETT & EGLOFF, LLP
                                         141 East Washington Street | Fourth Floor
                                         Indianapolis, Indiana  46204
                                         Phone: 317-636-8000
                                         Fax: 317-955-2158
                                         Email:  JRiley@rbelaw.com


                                         John M. Bowler, Esq., (*Pro Hac Vice* pending)
                                         TROUTMAN SANDERS LLP
                                         600 Peachtree Street, N.E., Suite 5200
                                         Atlanta, Georgia 30308
                                         Phone: 404-885-3000
                                         Fax: 404-962-6513
                                         Email: john.bowler@troutmansanders.com

                                         Attorneys for National Automotive Parts
                                         Association, Genuine Parts Company, and
                                         Balkamp Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing *Answer of Defendants National Auto Parts Association, Genuine Parts Company and Balkamp Inc.* was filed electronically on this 15th day of April, 2013.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the court's system.

    Joseph J. Zito
    DNL ZITO
    jzito@dnlzito.com

    *s/ James W. Riley, Jr.*
    James W. Riley, Jr. , Esq.

RILEY BENNETT & EGLOFF, LLP
141 East Washington Street | Fourth Floor
Indianapolis, Indiana  46204
Phone: 317-636-8000
Fax: 317-955-2158
Email:  JRiley@rbelaw.com