**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

|  |  |  |
|---|---|---|
| KENNETH BUTLER, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO: |
| vs. | ) | No. 1:12-cv-01716-SEB-DML |
| | ) | |
| BALKAMP INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' INITIAL *MARKMAN* BRIEF**

Pursuant to Section III.N. of the Case Management Plan entered on May 31, 2013 (Doc. 20), defendants Balkamp Inc., National Automotive Parts Association, and Genuine Parts Company (collectively "Defendants") hereby submit their Initial *Markman* Brief for the U.S. Design Patent No. D500,646 ("the '646 patent") in suit.

**I.     INTRODUCTION**

Plaintiff Kenneth Butler, Sr. ("Butler") alleges that the Defendants' Spinning Impact Extensions infringe his '646 patent.  (Doc. 1).  Defendants deny the Spinning Impact Extensions infringe any valid '646 patent.  (Doc. 12).  Because there are no material facts in dispute, Defendants have moved herewith for summary judgment pursuant to Fed. R. Civ. P. 56 on the grounds that there is no infringement and the '646 patent is invalid as anticipated (35 U.S.C. § 102) and obvious (35 U.S.C. § 103).

Interpretation of the '646 patent's claim is a matter solely for the Court.  *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 391 (1996).  This Court can rule on claim construction issues within the context of Defendants' summary judgment motion with or without a separate

*Markman* hearing. *See, e.g., Stumbo v. Eastman Outdoors, Inc.*, 508 F.3d 1358 (Fed. Cir. 2007) (affirming summary judgment entered without a *Markman* hearing); *Schoenhaus v. Jay*, 440 F.3d 1354, 1356 (Fed. Cir. 2006) (noting no separate *Markman* hearing was held, but affirming district court which construed claims "in a carefully-crafted summary judgment opinion).  Thus, in *Fanimation, Inc. v. Dan's Fan City, Inc.*, Case No. 1:08-cv-1071-TWP-WGH, 2010 U.S. Dist. LEXIS 134526 (S.D. Ind. Dec. 16, 2010) (Pratt, J.), *aff'd*, 444 F. App'x 449 (Fed. Cir. 2011) (per curium), this District Court decided *Markman* issues within the context of its summary judgment opinion finding noninfringement of two design patents without a separate *Markman* hearing. Defendants do not believe that a claim construction hearing is necessary and that the Court can reach a decision on claim construction issues on the papers.  Should the Court decide to hold a claim construction hearing, Defendants do not anticipate calling any witnesses.

## II.       THE '646 PATENT

The U.S. Patent and Trademark Office ("USPTO") granted the '646 patent on January 11, 2005. (Doc. 1 at Ex. A, p. 1 ('646 patent cover page).  The patent contains seven figures, a cover page that includes a short description of each figure, and a single claim which recites "[t]he ornamental design for a tool handle, as shown and described." *Id.* Figures 1 through 7 of the '646 patent set forth the limits of the claim. *Id.*  None of the features are disclaimed (through the use of dashed lines).  Rather, the many lines and hatching in the drawings—which are all claim limitations—depict various boundaries, shapes, and surface ornamentation.  *In re Blum*, 54 C.C.P.A. 1231, 1233 (C.C.P.A. 1967).  Five annotated '646 patent figures previously submitted in the parties' Joint Claim Construction Statement (or "JCCS") (Doc. 29) are reproduced below.



In their Joint Claim Construction Statement, the parties agreed that the '646 patent

drawings disclose each of the following seven features:

| Item | Description |
|------|-------------|
| 1 | Front (male) square drive or Front adaptor |
| 2 | Cylindrical extension shaft or Cylindrical front end portion |
| 3 | Tapered front end |
| 4 | Unknurled, reduced diameter front end or Untapered front end |
| 5 | Knurled handle or Knurled portion of the handle |
| 6 | Beveled or tapered back end |
| 7 | Rear (female) square drive or Square back adaptor |

Doc. 29 (JCCS) at §§ B-C, pp. 2-3.

By law, the '646 patent does not protect functional elements of the tool handle shown in

its figures. *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293-94 (Fed. Cir. 2010); *OddzOn*

*Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). Instead, protection is

limited to those elements which are shown in solid lines and which are not functional. *Contessa*

*Food Prods. v. Conagra*, 282 F.3d 1370, 1378 (Fed. Cir. 2002); *Door-Master Corp. v.*

*Yorktowne, Inc.*, 256 F.3d 1308, 1312 (Fed. Cir. 2001). The parties agree that the design

depicted in the '646 patent includes some clearly functional elements, namely the front (male)

square drive end, and the rear (female) square drive end (Items 1 and 7, above). The '646 patent

claim must be construed so as to avoid inclusion of these forbidden elements. The parties agree

3

the remaining features 2 - 6 should be regarded as ornamental or primarily ornamental and part of the '646 patent design. *Id.*

## III.   SUMMARY OF CLAIM CONSTRUCTION ISSUES

The primary dispute is whether the Court should provide a detailed verbal construction for the sole claim in the '646 patent.  Here, such a verbal construction is necessary under Federal Circuit Court of Appeals case precedent to appropriately distinguish the ornamental features of the claimed design from those that are uncontrovertedly primarily functional, *i.e.*, Items 1 & 7, above.  In addition, a verbal construction is necessary under Federal Circuit precedent since the Court is being asked by Defendants to decide the invalidity of the '646 patent in their summary judgment motion.

Plaintiff's principal position on claim construction—"that no claim construction is necessary"—is insufficient since it is uncontroverted that the '646 patent discloses at least two primarily functional elements (Items 1 and 7, above) and invites the trier of fact to find substantial similarity based on the presence of common functional features.  Plaintiff's fall-back position should the Court verbalize the ornamental features disclosed in the seven visual images of the '646 patent drawings, is a "proposed written construction" that is far too abstract and ignores the metes and bounds of the lined patent drawings.

## IV.   LAW OF PATENT CLAIM CONSTRUCTION FOR DESIGN PATENTS.

The Federal Circuit Court of Appeals has stated that "[d]etermining whether a design patent claim has been infringed requires, first, as with utility patents, that the claim be properly construed to determining its meaning and scope.  Second, the claim as properly construed must be compared to the accused design to determine whether there has been infringement."  *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577  (Fed. Cir. 1995) (citations omitted).  For the purposes

of its infringement analysis, it is "not required that [a] trial court attempt to provide a detailed verbal description of the claimed design, as is typically done in the case of utility patents" and "the preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008) (en banc).  However, district courts do maintain the discretion to perform a verbal claim construction when it is called for under the circumstances.  *Id.* at 679-680.[1]

One situation where a construction is appropriate is when, as in the present case, the figures in a design patent include both functional and ornamental features.  *Egyptian Goddess*, 543 F.3d at 680 (citing *OddzOn*, 122 F.3d at 1405) ("Where a claim design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent."); *Richardson*, 597 F..3d 1288, 1293 (Fed. Cir. 2010) (noting "there are a number of claim scope issues on which a court's guidance would be useful to the fact finder . . . . Among them, we specifically noted, is the distinction between the functional and ornamental aspects of a design")

"A design patent only protects the novel, ornamental features of the patented design," not the functional elements."  *OddzOn*, 122 F.3d at 1405.  In *OddzOn*, the Federal Circuit Court of Appeals explained that "[w]here a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent." *Id.*  Moreover, the court explained that if a "design contains both functional and ornamental features, the patentee must show that the perceived similarity is based

---

[1]  The Federal Circuit in *Egyptian Goddess* noted that a trial court's "decision to issue a relatively detailed claim construction will not be reversible error" absent a showing of prejudice because "the level of detail to be used in describing the claimed design is a matter within the court's discretion." *Id.* at 679.

on the ornamental features of the design.  The patentee 'must establish that an ordinary person would be deceived by reason of the common features in the claimed and accused designs which are ornamental.'" *Id.*  (determining that a verbal claim construction may be helpful if the drawings contain features that are not part of the patented design, such as functional features). The court pointed out that in construing the claim of the potentially infringed patent, the district court "carefully noted the ornamental features that produced the overall . . . appearance of the design."  The Federal Circuit Court of Appeals "agree[d] with the district court's claim construction, which properly limit[ed] the scope of the patent to its overall ornamental visual impression, rather than to the broader general design concept . . . ." *Id.*

A second situation warranting a verbal construction is when a district court is being asked to decide the invalidity of a design patent, as the Defendants have done here.  Earlier this year, the Federal Circuit, in *High Point Design LLC v. Buyer's Direct, Inc.*, 730 F.3d 1301, 108 U.S.P.Q.2d 1183 (Fed. Cir. 2013), confirmed it did not extend the more relaxed construction requirements of *Egyptian Goddess* when a court determines design patent <u>invalidity</u>. 108 U.S.P.Q.2d at 1193. Courts must still construe design patents when determining patent validity so that others can understand the reasoning behind their decisions. *Id.*  In particular, in *High Point*, the Federal Circuit found that in finding the design patent in suit invalid on summary judgment, the district court "erred by failing to translate the design . . . . into a verbal description." 108 U.S.P.Q.2d at 1193. The Federal Circuit found the district court's description of the design patent to be insufficient because it described the claimed design at "too high a level of abstraction." *Id.* The Court instructed the district court to "add sufficient detail to its verbal description of the claimed design to evoke a visual image consonant with that design." *Id.*

A third circumstance where additional verbal construction may be appropriate relates to

"the role of particular conventions in design patent drafting." *Egyptian Goddess,* 543 F.3d at 680.  There are several patent drafting conventions utilized in the '646 patent drawings.  The drawings include various contour lines and hatching.  As the name implies, contour lines are the lines of varying lengths that attempt to depict the contours and curved surfaces of the '646 patent tool handle, while the hatching depicts, for example, knurled surfaces.  Different types of hatched lines depict different designs, and hatched lines must be read relative to each other. The use of such surface shading is described in MPEP § 1503.02 and can be used to describe surface contours or the character of a surface.  In the '646 patent, parallel lines are used, for example, to indicate a flat surface or consistently curved surfaces at different locations.  Cross hatching of an area, on the other hand, with intersecting sets of perpendicular or diagonal lines is meant to depict knurling along the cylindrical structure.  In a design patent, the actual shape and arrangement of the knurling is considered to be part of the claimed design.  The role of these particular conventions in the drafting of the '646 patent would be helpful to the trier of fact and may be described.

Thus, for its infringement analysis, this Court has discretion to offer a verbal description of the '646 patent, but it may instead rely on the actual illustrations set out in the patent instead. But for its invalidity analysis, the district court must include sufficient detail to a verbal description of the claimed design.  Whatever the way the chooses to construed the '646 patent, in deciding the infringement and invalidity questions it must determine what are the visual ornamental or aesthetic aspects embodied in the '646 patent as a whole. *See OddzOn*, 122 F.3d at 1405 (finding district court "carefully noted the ornamental features that produced the overall 'rocket-like' appearance of the design"); *Arminak and Assocs., Inc. v. Saint-Gobain Calmar, Inc.*, 501 F.3d 1314, 1321 (Fed. Cir. 2007) ("The district court's meticulous and accurate

description of [all figures] of each of [the] patents-in-suit did not constitute error . . . . [and] demonstrated the proper consideration of the claimed designs as a whole."); *Fanimation*, 2010 U.S. Dist. LEXIS 134526, at * 4 ("the proper construction of a design patent focuses on the overall visual impression of its ornamental, novel features.").  Plaintiff's design can only be interpreted as covering the overall ornamental design disclosed, which includes the specific ornamental design characteristics or focal points described by Defendants below in Section V.D.

## V.    '646 PATENT CLAIM CONSTRUCTION

### A.    Plaintiff's Proposed Construction Reads On the Prior Art

Patent claims ordinarily must be interpreted to uphold their validity, if possible.  *See Rhine v. Casio, Inc.*, 183 F.3d 1342, 1345 (Fed. Cir. 1999) (alluding to the "familiar axiom that claims should be so construed, if possible, as to sustain their validity.") (internal quotation marks omitted).[2]  Prior art patents may be used as a guide to construe a patent claim.  *See, e.g.*, *Laryngeal Mask Co. v. Ambu A/S*, 618 F.3d 1367, 1372 (Fed. Cir. 2010) (construing the claim "[i]n light of the claims, specification, prosecution history, and prior art patents"); *Phillips v. AWH*, 514 F.3d 1303, 1317 (Fed. Cir. 2004) (prior art cited during examination of the patent is part of the prosecution history for purposes of claim construction); *Arthur A. Collins, Inc. v. Northern Telecom Ltd.*, 216 F.3d 1042 (Fed. Cir. 2000) ("Even when prior art is not cited in the written description or the prosecution history, it may assist in ascertaining the meaning of a term to a person skilled in the art").  In *Egyptian Goddess,*, 543 F.3d at 678, the Federal Circuit provided some procedural guidance on how prior art may be used in the claim construction

---

[2] That "axiom is a qualified one, dependent upon the likelihood that a validity-preserving interpretation would be a permissible one." *AK Steel Corp. v. Sollac & Ugine*, 344 F.3d 1234, 1243 (Fed. Cir. 2003).

process in a design patent case.[3]  Here, the '646 patent is not a pioneer patent, but rather, exists in

a mature and crowded field of art.  The '646 patent claim had to be crafted to avoid the strictures

of the crowded art, if possible.  A claim in a crowded field necessarily must be given a narrow

construction to be novel and non-obvious.  *Egyptian Goddess*, 543 F. 3d at 670; *Fanimation,*

2010 U.S. Dist. LEXIS 134526, at *5-6.

There are many prior art references which are substantially similar to and read on

Plaintiff's proposed construction of the '646 patent design which show the patented design is not

very distinctive and exists in a mature and crowded field of art.  In fact, as shown in the Tables

included in **<u>Exhibit A</u>**, attached hereto, the construction which Plaintiff proposed on pages 8 to 9

of the Joint Claim Construction Statement (Doc. 29) is captured by at least each the following

prior art references.  (The references to the "Kemnitzer" and "Bowler" declarations, below, are

to documents and patents filed herewith in support of Defendant's summary judgment motion).

1.  U.S. Pat. No. 2,071,543, entitled "Revolving Grip Tool," filed
    September 14, 1935 and issued February 23, 1937 ("*Kress*").[4]

2.  Williams M-110 Extension Handle, which is a commercial embodiment
    of *Kress*, publicly available as early as 1955 ("*M-110*").[5]

3.  U.S. Pat. No. 3,650,165, entitled "Ratchet Tool," filed November 21,
    1969 and issued March 21, 1972 ("*Wolfe*").[6]

4.  U.S. Pat. No. 3,575,069, entitled "Ratchet and Speed Wrench
    Combination," filed July 29, 1969 and issued April 13, 1971 ("*White*").[7]

5.  Snap-On® SG-6 ("SG-6"), which was described in a printed publication
    and on sale in this country since at least 1930.[8]

---

[3]  The Court, for example, noted that "[w]here there are many examples of similar prior art designs . . . differences
between the claimed and accused designs that might not be noticeable in the abstract can become significant to the
hypothetical ordinary observer who is conversant with the prior art." *Id.* at 678.

[4]  Issued fifty-eight years before April, 1995, *Kress* is prior art under § 102(a)-(b).  Kemnitzer Decl. at ¶ 46 & Ex. 4.
[5]  Having been in public use and on sale in the U.S. forty years before April, 1995, the *M-110* is prior art under §
102(b).  *Id.* at ¶ 48 & Ex. 5.
[6]  Issued over 23 years before April, 1995, *Wolfe* is prior art under § 102 (a)-(b).  *Id.* at ¶ 53 & Ex. 6.
[7]  Issued twenty-four years before April, 1995, *White* is prior art under §102 (a)-(b).  *Id.* at ¶ 71 & Ex. 7.

Plaintiff's proposed construction is crafted at such a high a level of abstraction that it reads on and is invalid in light of the prior art.

### B. Plaintiff's Proposed Construction is too Abstract and Ignores the Metes and Bounds of What he Claimed in the '646 Patent

Plaintiff's proposed claim construction is unfaithful to and inconsistent with what is actually depicted visually in the '646 patent drawings.   If the metes and bounds of the '646 patent claim did not reside in its seven lined drawings, then no one would understand how to avoid infringement, defeating the public notice of patent claims.  *See Renishaw PLC v. Marposs Societa' Per Azioni*, 158 F.3d 1243, 1248 (Fed. Cir. 19980) ("[C]laims define the scope of the right to exclude[.]"); *Corning Glass Works v. Sumitomo Elec. U.S.A., Inc.*, 868 F.2d 1251, 1257 (Fed. Cir. 1989) ("A claim in a patent provides the  metes and bounds of the right which the patent confers on the patentee to exclude others from making, using, or selling the protected invention."); *PSC Computer Prods., Inc. v. Foxconn Int'l, Inc.*, 355 F.3d 1353, 1359-60 (Fed. Cir. 2004) ("[O]ne of ordinary skill in the art should be able to read a patent, to discern which matter is disclosed . . ., and to recognize which matter has been claimed . . . . The  ability to discern both what has been disclosed and what has been claimed is the essence of public notice. It tells the public which products or processes would infringe the patent and which would not."). Defendants' submit that Plaintiff's proposed construction is a transparent attempt to be overly vague and unclear and try and force the claimed design to read on Defendants' accused product rather than to accurately and faithfully construe the '646 patent claim.  Defendants disagree with Plaintiff's claim construction position for many reasons.

---

[8]  Having been in a published catalog and on sale in the U.S. sixty-five years before April, 1995, the Snap-On SG-6 is prior art under §102 (a)-(b). Sec. Kemnitzer Decl. at ¶ 58 & Ex. 9; Bowler Decl. at ¶¶ 18-19 & Exs. 12-13.

First, the '646 patent drawings do not disclose "an elongated central section with a partially-knurled exterior in its mid-portion," as Plaintiff proposes.  (Doc. 29, JCCS, at p. 8). Instead, the '646 patent drawings clearly disclose a main cylindrical body that is knurled along its entire length to the extension housing on the front (male) end, to the beveled, or chamfered, or tapered back end.  While Plaintiff now wants to ignore how he claimed the knurling in the '646 patent drawings, the Patent Examiner formally objected to the initial drawings which Plaintiff submitted with his patent application, noting the many inconsistencies in his use of cross hatching for knurling, as follows:

> 5.      The views are not cross hatched correctly.  The cross hatching that is meant to depict knurling should appear along the outside edges of the handle. On cylindrical structures, the shading (or cross hatching in this case) should be darkest along the outside edges.  If the shading or cross hatching is left out of any area, that area should be located along the center of the structure.  The cross hatching is further object to because the lines are spaced much further apart in figures 3, 5, 6, and 7 than in figure 1.  In a design patent, the actual shape and arrangement of the knurling is considered to be part of the claimed design. Consequently, the knurling must be disclosed in a consistent manner.

See Ex parte Quayle Action dated 10-20-2013, requesting Plaintiff to correct the formal objections to his patent drawings, a true and accurate copy of which is attached hereto as **Exhibit B** (at pp. 19-23 of the 46 page exhibit & Objection 5 at p. 21).  The Examiner further objected to Plaintiff's initial drawings on the basis that all but one of his drawings showed knurling extending the entire length of the handle all the way to the inset area located on the front end (which Defendants refer to herein as the "extension housing").  *Id.* at p. 21 (Objection 2).  In response to the Examiner's formal objections Office Action, Plaintiff corrected his patent drawings as they are shown in the issued '646 patent.

Second, the '646 patent drawings do not disclose "exposed cylindrical un-knurled portions at each end," as Plaintiff proposes.  (Doc. 29, JCCS at pp. 8-9).  In fact, in the '646

patent drawings, there is no exposed, un-knurled portion at the back (female) end of the tool

handle.  Instead, the knurling extends all the way to the chamfered or tapered back end.

Third, the '646 patent drawings do not disclose "one end transitioning into a smaller

diameter cylindrical portion which transitions into a square end with a recessed sphere in one

surface," as Plaintiff proposes.  *Id.* at 9.  Rather, the '646 patent drawings disclose a front (male)

end that includes a distinctive, ornamental tapered section.  The word "transition," as used by

Plaintiff, is far too abstract and unclear here.  A "tapered" front end is what is actually shown in

the '646 patent drawings.  Indeed, in objecting to Plaintiff's initial drawings, the Examiner

formally objected to the inconsistencies in the "angle of the *taper*" shown in his patent drawings.

> "4.      The angle of the taper and the length of the shaft (D) in figures 3, 5, 6, and
> 7 are not consistent with figure 1."

Exhibit B at p. 21 (Objection 4).  The Examiner further objected noting that in Plaintiff's original

Figure 1, "the knurled structure extends to the *tapered right end.*"  See id. at (Objection 2)

(emphasis added).

Fourth, the '646 patent drawings do not disclose an "opposite (rear, female) end

transitioning into a smaller diameter cylinder," as Plaintiff suggests.  Again, the word

"transitioning," as used by Plaintiff, is far too vague and abstract here.  Instead, the '646 patent

drawings clearly disclose a prominent and distinctive, ornamental  chamfered  or tapered back

end.  In fact, the Examiner referred to the rear (female) end as being "tapered" when objecting to

Plaintiff's initial drawings, as follows:

> 1.      The inset area (A) *adjacent to the taper on the left end* of the handle in
> figures 3, 5, 6, and 8 is missing from figure 1."

Exhibit B at p. 21 (Objection 4). (emphasis added).

For all of these reasons, Plaintiff's proposed written construction eviscerates the '646 patent claim limitations and is unfaithful to what he claimed as disclosed in the patent's seven figures.

### C.    Plaintiff's Proposed Verbal Construction Does Not Factor Out the '646 Patent's Functional Features.

Design patents have almost no scope because they are limited to what is depicted in the drawings.  In re Mann, 861 F.2d 1581, 1582 (Fed. Cir. 1988).  Further, a design patent only protects the novel, non-functional aspects of a claimed ornamental design.  *OddzOn*, 122 F.3d at 1405.  As the Federal Circuit explained in *OddzOn*, "[w]here a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent." *Id*. at 1405.  The Federal Circuit reaffirmed this in *Egyptian Goddess*, noting that one option available o the court in construing the design claim is to distinguish "between those features of the claimed design that are ornamental and those that are purely functional." 543 F.3d at 680.

So too, here.  The ornamental aspects of the design must be identified and distinguished from the function features.  Not doing so risks an erroneous finding of substantial similarity between the claimed design and the accused products based upon functional features and those features common to all tool handles used with socket wrench sets.

In the Joint Claim Construction Statement, Plaintiff agreed that the front (male) and rear (female) square drive ends of the '646 patent claim design (Items 1 and 7, above) are functional. Specifically, Plaintiff stated therein that

> The square portion on the very right end of the patent Figures 3, 5, 6 and 7 is functional as it is used to engage the square hole in a socket and thus must of necessity be square and have the appropriate dimension.

> The square hole in the end as illustrated in Figures 1 and 2 of the patent is designed to accept a socket wrench handle and thus of necessity must be square and have the appropriate dimension.

Doc. 29 (JCCS) at 8.  Accordingly, the front (male) and rear (female) square drives must be "factored out." *Richardson*, 597 F.3d at 1293.  Plaintiff's proposed claim construction, however, does not factor out the square drive ends but expressly **includes** them, as follows:  "The claimed ornamental design consists of . . . one end . . . [having] a square end . . . the opposite end . . . [having] a flat end with a square hole." Id. at pp. 8-9.  A proper verbal construction of the '646 patent claim is necessary to distinguish the aforementioned functional features from the ornamental features in the claimed design.  A general description that merely refers to the design as it is shown the'646 patent drawings is insufficient and invites the trier of fact to find substantial similarity based on the presence of common functional features.

### D.   Defendants' proposed construction recites the ornamental features of the claimed design and excludes the functional features.

Relying on the above principles and the Federal Circuit's approval of the claim construction used in *OddsOn Prods.,* 122 F.3d at 1405 (the design concerned a football-shaped toy with a protruding tail shaft and fins), Defendants' proposed construction is set forth below.  The claim construction is not as much a detailed verbal description of the claimed design as it is delineating certain key ornamental focal point features of the overall claimed design, while describing the functional features excluded from the claimed design, and pointing to the figures in the '646 patent that depict those particular features.[9]  Defendants' construction is not an exceptionally detailed verbal construction and the minimal level of detail included in the

---

[9]  Defendants' slightly modified their proposed construction from the Joint Claim Construction Statement (Doc. 29) so as to appropriately distinguish the ornamental features from the functional features in the claimed design.

constructions will assist the trier of fact as it relates to consideration of the accused design and the prior art. *Egyptian Goddess,* 543 F.3d at 680; *High Point Design*, 108 U.S.P.Q.2d at 1193.

When the '646 patent is considered as a whole, the overall visual impression created by the'646 patent is limited to the design claimed in Figures 1 through 7 of the patent and includes everything shown in solid lines.  This design includes the following features with reference to the patent drawings, shown below, for context[10]:



---

[10]  Defendants have reproduced herein Figures 2, 4, and 6 since they are representative of the seven patent drawings. Defendants have added the parenthetical references (*e.g.*, (100), (D1), etc.) to the patent figures for clarity and ease of reference to areas of the drawings.

15



- The '646 Patent discloses a tool handle (100) [Figures 1, 3, 5, 6, and 7].

- The tool handle (100) has a large diameter (D1) main cylindrical body (105) and a smaller diameter (D2) extension housing (110) [Figures 1, 3, 5, 6, and 7].

- The main cylindrical body (105) has a blunt end with an unprotected functional female square drive (112) (Figure 2) on the left end and the extension housing (110) on the right end [Figures 1, 3, 5, 6, and 7].

- The main cylindrical body (105) is knurled along its entire length [Figures 1, 3, 5, 6, and 7] and includes a chamfered (or symmetrical sloping) edge (130) on its left end [Figures 1, 2, 3, 5, 6, and 7].

- The extension housing (110) includes a reduced diameter cylindrical portion (115), a tapered portion (120), and a short extension (125) with an unprotected functional male square drive (135) (Figures 1, 3, 4, 5, 6, and 7).

- The tapered portion (120) reduces in diameter from the diameter (D2) of the reduced diameter cylindrical portion (115) on the left end to the diameter (D3) of the

16

short extension (125) on the right end (Figures 1, 3, 5, 6, and 7).

- The extension housing (110) is unknurled (Figures 1, 3, 5, 6, and 7).

Defendants' proposed construction, above, captures the ornamental focal point features of the '646 patent claim while excluding the functional features.

## VI.    CONCLUSION

For all the foregoing reasons, the Court should adopt the Defendants' proposed claim construction for the '646 patent.  Defendants' proposed construction does not rely on an overly broad and abstract design concept or word games, and accurately reflects the '646 patent claim as informed by the patent's drawings.

Respectfully submitted this 31st day of December, 2013.

By:  ___/s/ John M Bowler___
John M. Bowler, Esq.
Georgia Bar # 071770
Troutman Sanders LLP
600 Peachtree St. NE, Suite 5200
Atlanta, Georgia  30308-2216
Phone: (404) 885-3190
Fax: (404) 962-6513
john.bowler@troutmansanders.com

By:  ___/s/ James W. Riley, Jr.___
James W. Riley, Jr., Esq.
Indiana Bar # 6073-49
Riley Bennett & Egloff, LLP
141 East Washington Street, Fourth Floor
Indianapolis, Indiana  46204
Phone (317) 636-8000
Fax:  (317) 955-2158
JRiley@rbelaw.com

Attorneys For Defendants Balkamp Inc.,
National Automotive Parts Association, and
Genuine Parts Company

# EXHIBIT A

| **Plaintiff's Claim Construction** | Williams M-110 | USPN 2,071,543 ("*Kress*") | USPN 3,650,165 ("*Wolfe*") | USPN 3,575,069 ("*White*") | Snap-On® SG-6 |
|---|---|---|---|---|---|
| elongated cylindrical central section | ✔ | ✔ | ✔ | ✔ | ✔ |
| with a partially knurled exterior in its mid portion | ✔ | ✔ | ✔ | ✔ | ✔ |
| with exposed cylindrical un-knurled portions at each end, | | | | | ✔ |
| one end transitioning into a smaller diameter cylindrical portion which transitions into a square end with a recessed sphere in one surface, | ✔ | ✔ | ✔ | ✔ | ✔ |
| the opposite end transitioning into a smaller diameter cylinder | ✔ | ✔ | | | |
| which truncates into a flat end with a square hole. | ✔ | ✔ | | | ✔ |

| **Plaintiff's Claim Construction** | Snap-On® SG-6 | Williams M-110 | USPN 2,071,543 ("*Kress*") |
|---|---|---|---|
| elongated cylindrical central section |  |  |  |
| with a partially knurled exterior in its mid portion |  | | |
| with exposed cylindrical un-knurled portions at each end, |  | | |
| one end transitioning into a smaller diameter cylindrical portion which transitions into a square end with a recessed sphere in one surface, |  |  |  |
| the opposite end transitioning into a smaller diameter cylinder |  |  |  |
| which truncates into a flat end with a square hole. | | | |

| **Plaintiff's Claim Construction** | USPN 3,650,165 ("*Wolfe*") | USPN 3,575,069 ("*White*") |
|---|---|---|
| elongated cylindrical central section<br><br>with a partially knurled exterior in its mid portion |  |  |
| with exposed cylindrical un-knurled portions at each end, | | |
| one end transitioning into a smaller diameter cylindrical portion which transitions into a square end with a recessed sphere in one surface, |  |  |
| the opposite end transitioning into a smaller diameter cylinder | | |
| which truncates into a flat end with a square hole. | | |

| Plaintiff's Claim Construction | Snap-On® SG-6 | Williams M-110 | USPN 2,071,543 ("*Kress*") | USPN 3,650,165 ("*Wolfe*") | USPN 3,575,069 ("*White*") |
|---|---|---|---|---|---|
| elongated cylindrical central section |  |  |  |  |  |
| with a partially knurled exterior in its mid portion |  | | | | |
| with exposed cylindrical un-knurled portions at each end, |  | | | | |
| one end transitioning into a smaller diameter cylindrical portion which transitions into a square end with a recessed sphere in one surface, |  |  |  |  |  |

| | | | | |
|---|---|---|---|---|
| the opposite end transitioning into a smaller diameter cylinder |  |  |  | |
| which truncates into a flat end with a square hole. | | | | |

# EXHIBIT B

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court _____ Southern District of Indiana _____ on the following

☐ Trademarks or   ☑ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>1:12-cv-01716-SEB-DML | DATE FILED<br>11/21/2012 | U.S. DISTRICT COURT<br>Southern District of Indiana |
|---|---|---|

| PLAINTIFF<br>KENNETH BUTLER, SR., an individual | DEFENDANT<br>BALKAMP INC., NATIONAL AUTO PARTS ASSOCIATION, GENUINE PARTS COMPANY CORP., TIEN-I INDUSTRIAL CORPORATION, et al |
|---|---|

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | D500,646 | 1/11/2005 | Kenneth Butler, Sr. |
| 2 | | | See Attached Copy of |
| 3 | | | Complaint |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY |
|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK<br>Laura A Briggs | (BY) DEPUTY CLERK | DATE<br>12/5/2012 |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director   Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director   Copy 4—Case file copy

## PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to:** **Mail** Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
**or Fax** (703) 746-4000

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

22474      7590      09/17/2004

DOUGHERTY, CLEMENTS & HOFER
1901 ROXBOROUGH ROAD
SUITE300
CHARLOTTE, NC 28211

11/09/2004 MAHMED2 00000007 29182172

01 FC:2502      245.00 OP
02 FC:8001      30.00 OP

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (703) 746-4000, on the date indicated below.

Kelly A. Thompson          (Depositor's name)

_____ (Signature)

11/5/2004          (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/182,172 | 05/21/2003 | Kenneth Butler SR. | 3751 | 3622 |

TITLE OF INVENTION: TOOL HANDLE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | YES | $240 | $0 | $240 | 12/17/2004 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS | | | |
|---|---|---|---|---|---|
| HYDER, PHILIP S | 2912 | D08-082000 | | | |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list
(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1  Dougherty, Clements, Hofer & Bernard
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)
PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE          no          (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed to the patent):  ☐ Individual  ☐ Corporation or other private group entity  ☐ Government

4a. The following fee(s) are enclosed:
☒ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☒ Advance Order - # of Copies _____10_____

4b. Payment of Fee(s):
☐ A check in the amount of the fee(s) is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Director is hereby authorized by charge the required fee(s), or credit any overpayment, to Deposit Account Number 04-1448 (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)
☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.      ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

The Director of the USPTO is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.
NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____      Date 11/05/2004

Typed or printed name Ralph H. Dougherty      Registration No. 25,851

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 09/04) Approved for use through 04/30/2007.          OMB 0651-0033          U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

NOV 08 2004

PTO/SB/21 (08-00)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FORM

(to be used for all correspondence after initial filing)

Total Number of Pages in This Submission **4**

| Application Number | 29/182,172 |
|---|---|
| Filing Date | 05/21/2003 |
| First Named Inventor | Kenneth Butler, Sr. |
| Group Art Unit | 2912 |
| Examiner Name | Philip S. Hyder |
| Attorney Docket Number | 3751 |

## ENCLOSURES  (check all that apply)

☑ Fee Transmittal Form
   ☑ Fee Attached

☐ Amendment / Reply
   ☐ After Final
   ☐ Affidavits/declaration(s)

☐ Extension of Time Request

☐ Express Abandonment Request

☐ Information Disclosure Statement

☐ Certified Copy of Priority Document(s)

☐ Response to Missing Parts/Incomplete Application
   ☐ Response to Missing Parts under 37 CFR 1.52 or 1.53

☐ Assignment Papers (for an Application)

☐ Drawing(s)

☐ Licensing-related Papers

☐ Petition

☐ Petition to Convert to a Provisional Application

☐ Power of Attorney, Revocation Change of Correspondence Address

☐ Terminal Disclaimer

☐ Request for Refund

☐ CD, Number of CD(s) _____

☐ After Allowance Communication to Group

☐ Appeal Communication to Board of Appeals and Interferences

☐ Appeal Communication to Group (Appeal Notice, Brief, Reply Brief)

☐ Proprietary Information

☐ Status Letter

☑ Other Enclosure(s) (please identify below):

**Remarks**

Return Receipt Postcard
Issue Fee Transmittal

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| Firm or Individual name | Ralph H. Dougherty DOUGHERTY, CLEMENTS & HOFER |
|---|---|
| Signature | *Ralph Dougherty* |
| Date | 11/05/2004 |

## CERTIFICATE OF MAILING

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Commissioner for Patents, Washington, DC 20231 on this date: | 11/05/2004

| Typed or printed name | Kelly A. Thompson | | |
|---|---|---|---|
| Signature | *Kelly Thompson* | Date | 11/05/2004 |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

PTO/SB/17 (10-04v2)
Approved for use through 07/31/2006. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# FEE TRANSMITTAL
# for FY 2005

*Effective 10/01/2004. Patent fees are subject to annual revision.*

| Complete if Known | |
|---|---|
| Application Number | 29/182,172 |
| Filing Date | 05/21/2003 |
| First Named Inventor | Kenneth Butler, Sr. |
| Examiner Name | Philip S. Hyder |
| Art Unit | 2912 |
| Attorney Docket No. | 3751 |

[✓] Applicant claims small entity status. See 37 CFR 1.27

**TOTAL AMOUNT OF PAYMENT**  ($) **275.00**

## METHOD OF PAYMENT *(check all that apply)*

[ ] Check  [✓] Credit card  [ ] Money Order  [ ] Other  [ ] None

[ ] Deposit Account:

Deposit Account Number: 04-1448

Deposit Account Name: Dougherty & Clements, LLP

**The Director is authorized to:** *(check all that apply)*

[ ] Charge fee(s) indicated below  [ ] Credit any overpayments
[✓] Charge any additional fee(s) or any underpayment of fee(s)
[ ] Charge fee(s) indicated below, **except for the filing fee**
to the above-identified deposit account.

### FEE CALCULATION

**1. BASIC FILING FEE**

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description | Fee Paid |
|---|---|---|---|---|---|
| 1001 | 790 | 2001 | 395 | Utility filing fee | |
| 1002 | 350 | 2002 | 175 | Design filing fee | |
| 1003 | 550 | 2003 | 275 | Plant filing fee | |
| 1004 | 790 | 2004 | 395 | Reissue filing fee | |
| 1005 | 160 | 2005 | 80 | Provisional filing fee | |

**SUBTOTAL (1)**  ($) 0.00

**2. EXTRA CLAIM FEES FOR UTILITY AND REISSUE**

| | Extra Claims | Fee from below | Fee Paid |
|---|---|---|---|
| Total Claims | -20** = | X | = |
| Independent Claims | - 3** = | X | = |
| Multiple Dependent | | = | |

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description |
|---|---|---|---|---|
| 1202 | 18 | 2202 | 9 | Claims in excess of 20 |
| 1201 | 88 | 2201 | 44 | Independent claims in excess of 3 |
| 1203 | 300 | 2203 | 150 | Multiple dependent claim, if not paid |
| 1204 | 88 | 2204 | 44 | ** Reissue independent claims over original patent |
| 1205 | 18 | 2205 | 9 | ** Reissue claims in excess of 20 and over original patent |

**SUBTOTAL (2)**  ($) 0.00

**or number previously paid, if greater; For Reissues, see above

## FEE CALCULATION *(continued)*

**3. ADDITIONAL FEES**

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description | Fee Paid |
|---|---|---|---|---|---|
| 1051 | 130 | 2051 | 65 | Surcharge - late filing fee or oath | |
| 1052 | 50 | 2052 | 25 | Surcharge - late provisional filing fee or cover sheet | |
| 1053 | 130 | 1053 | 130 | Non-English specification | |
| 1812 | 2,520 | 1812 | 2,520 | For filing a request for *ex parte* reexamination | |
| 1804 | 920* | 1804 | 920* | Requesting publication of SIR prior to Examiner action | |
| 1805 | 1,840* | 1805 | 1,840* | Requesting publication of SIR after Examiner action | |
| 1251 | 110 | 2251 | 55 | Extension for reply within first month | |
| 1252 | 430 | 2252 | 215 | Extension for reply within second month | |
| 1253 | 980 | 2253 | 490 | Extension for reply within third month | |
| 1254 | 1,530 | 2254 | 765 | Extension for reply within fourth month | |
| 1255 | 2,080 | 2255 | 1,040 | Extension for reply within fifth month | |
| 1401 | 340 | 2401 | 170 | Notice of Appeal | |
| 1402 | 340 | 2402 | 170 | Filing a brief in support of an appeal | |
| 1403 | 300 | 2403 | 150 | Request for oral hearing | |
| 1451 | 1,510 | 1451 | 1,510 | Petition to institute a public use proceeding | |
| 1452 | 110 | 2452 | 55 | Petition to revive - unavoidable | |
| 1453 | 1,370 | 2453 | 685 | Petition to revive - unintentional | |
| 1501 | 1,370 | 2501 | 685 | Utility issue fee (or reissue) | |
| 1502 | 490 | 2502 | 245 | Design issue fee | $245.00 |
| 1503 | 660 | 2503 | 330 | Plant issue fee | |
| 1460 | 130 | 1460 | 130 | Petitions to the Commissioner | |
| 1807 | 50 | 1807 | 50 | Processing fee under 37 CFR 1.17(q) | |
| 1806 | 180 | 1806 | 180 | Submission of Information Disclosure Stmt | |
| 8021 | 40 | 8021 | 40 | Recording each patent assignment per property (times number of properties) | |
| 1809 | 790 | 2809 | 395 | Filing a submission after final rejection (37 CFR 1.129(a)) | |
| 1810 | 790 | 2810 | 395 | For each additional invention to be examined (37 CFR 1.129(b)) | |
| 1801 | 790 | 2801 | 395 | Request for Continued Examination (RCE) | |
| 1802 | 900 | 1802 | 900 | Request for expedited examination of a design application | |
| Other fee (specify) 10 Soft Copies @ $3.00 | | | | | $30.00 |

*Reduced by Basic Filing Fee Paid

**SUBTOTAL (3)**  ($) **275.00**

## SUBMITTED BY
*(Complete (if applicable))*

| Name (Print/Type) | Ralph H. Dougherty | Registration No. (Attorney/Agent) | 25,851 | Telephone | 704-366-6642 |
|---|---|---|---|---|---|
| Signature | *[signature]* | | | Date | 11/05/2004 |

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

This collection of information is required by 37 CFR 1.17 and 1.27. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| 22474 | 7590 | 09/17/2004 |
| --- | --- | --- |

DOUGHERTY, CLEMENTS & HOFER
1901 ROXBOROUGH ROAD
SUITE300
CHARLOTTE, NC 28211

| EXAMINER |
| --- |
| HYDER, PHILIP S |

| ART UNIT | PAPER NUMBER |
| --- | --- |
| 2912 | |

DATE MAILED: 09/17/2004

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 29/182,172 | 05/21/2003 | Kenneth Butler SR. | 3751 | 3622 |

TITLE OF INVENTION: TOOL HANDLE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- |
| nonprovisional | YES | $240 | $0 | $240 | 12/17/2004 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.   THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT.   SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED.   THIS STATUTORY PERIOD CANNOT BE EXTENDED.   SEE 35 U.S.C. 151.   THE ISSUE FEE DUE INDICATED ABOVE REFLECTS A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE APPLIED IN THIS APPLICATION.   THE PTOL-85B (OR AN EQUIVALENT) MUST BE RETURNED WITHIN THIS PERIOD EVEN IF NO FEE IS DUE OR THE APPLICATION WILL BE REGARDED AS ABANDONED.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status above is to be removed, check box 5b on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check box 5a on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and 1/2 the ISSUE FEE shown above.

II. PART B - FEE(S) TRANSMITTAL should be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). Even if the fee(s) have already been paid, Part B - Fee(s) Transmittal should be completed and returned. If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 4

PTOL-85  (Rev. 09/04) Approved for use through 04/30/2007.

**PART B - FEE(S) TRANSMITTAL**

Complete and send this form, together with applicable fee(s), to: **Mail**      **Mail Stop ISSUE FEE**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, Virginia 22313-1450**

or **Fax**      **(703) 746-4000**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

22474        7590        09/17/2004

DOUGHERTY, CLEMENTS & HOFER
1901 ROXBOROUGH ROAD
SUITE300
CHARLOTTE, NC 28211

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (703) 746-4000, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/182,172 | 05/21/2003 | Kenneth Butler SR. | 3751 | 3622 |

TITLE OF INVENTION: TOOL HANDLE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | YES | $240 | $0 | $240 | 12/17/2004 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| HYDER, PHILIP S | 2912 | D08-082000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE        (B) RESIDENCE: (CITY and STATE or COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are enclosed:

☐ Issue Fee

☐ Publication Fee (No small entity discount permitted)

☐ Advance Order - # of Copies _____

4b. Payment of Fee(s):

☐ A check in the amount of the fee(s) is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☐ The Director is hereby authorized to charge the required fee(s), or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)

☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.    ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

The Director of the USPTO is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.
NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____        Date _____

Typed or printed name _____        Registration No. _____

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85  (Rev. 09/04) Approved for use through 04/30/2007.        OMB 0651-0033      U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/182,172 | 05/21/2003 | Kenneth Butler SR. | 3751 | 3622 |

22474      7590      09/17/2004

DOUGHERTY, CLEMENTS & HOFER
1901 ROXBOROUGH ROAD
SUITE300
CHARLOTTE, NC 28211

| EXAMINER | |
|---|---|
| HYDER, PHILIP S | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2912 | |

DATE MAILED: 09/17/2004

## Determination of Patent Term Extension or Adjustment under 35 U.S.C. 154 (b)

Design patents have a term measured from the issue date of the patent and the term remains the same length regardless of the time that the application for the design patent was pending. Since the above-identified application is an application for a design patent, the patent is not eligible for Patent Term Extension or Adjustment under 35 U.S.C. 154(b).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (703) 305-1383. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at (703) 305-8283.

PTOL-85  (Rev. 09/04) Approved for use through 04/30/2007.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/182,172 | 05/21/2003 | Kenneth Butler SR. | 3751 | 3622 |

| | | |
|---|---|---|
| 22474          7590          09/17/2004 | | EXAMINER |
| DOUGHERTY, CLEMENTS & HOFER | | HYDER, PHILIP S |
| 1901 ROXBOROUGH ROAD | ART UNIT | PAPER NUMBER |
| SUITE300 | 2912 | |
| CHARLOTTE, NC 28211 | | |

DATE MAILED: 09/17/2004

### Notice of Fee Increase on October 1, 2004

If a reply to a "Notice of Allowance and Fee(s) Due" is filed in the Office on or after October 1, 2004, then the amount due will be higher than that set forth in the "Notice of Allowance and Fee(s) Due" because some fees will increase effective October 1, 2004. See Revision of Patent Fees for Fiscal Year 2005; Final Rule, 69 Fed. Reg. 52604, 52606 (May 10, 2004).

The current fee schedule is accessible from WEB site (http://www.uspto.gov/main/howtofees.htm).

If the fee paid is the amount shown on the "Notice of Allowance and Fee(s) Due" but not the correct amount in view of the fee increase, a "Notice of Pay Balance of Issue Fee" will be mailed to applicant. In order to avoid processing delays associated with mailing of a "Notice of Pay Balance of Issue Fee," if the response to the Notice of Allowance is to be filed on or after October 1, 2004 (or mailed with a certificate of mailing on or after October 1, 2004), the issue fee paid should be the fee that is required at the time the fee is paid. See Manual of Patent Examining Procedure (MPEP), Section 1306 (Eighth Edition, Rev. 2, May 2004). If the issue fee was previously paid, and the response to the "Notice of Allowance and Fee(s) Due" includes a request to apply a previously-paid issue fee to the issue fee now due, then the difference between the issue fee amount at the time the response is filed and the previously-paid issue fee should be paid. See MPEP Section 1308.01.

Effective October 1, 2004, 37 CFR 1.18 is amended by revising paragraphs (a) through (c) to read as set forth below.

Section 1.18 Patent post allowance (including issue) fees.

(a) Issue fee for issuing each original or reissue patent,
except a design or plant patent:
    By a small entity (Sec. 1.27(a))....................... $685.00
    By other than a small entity........................... $1,370.00
(b) Issue fee for issuing a design patent:
    By a small entity (Sec. 1.27(a))....................... $245.00
    By other than a small entity............................ $490.00
(c) Issue fee for issuing a plant patent:
    By a small entity (Sec. 1.27(a))....................... $330.00
    By other than a small entity............................ $660.00

Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at (703) 305-8283.

PTOL-85  (Rev. 09/04) Approved for use through 04/30/2007.

| *Notice of Allowability* | Application No. | Applicant(s) | |
|---|---|---|---|
| | 29/182,172 | BUTLER, KENNETH | |
| | **Examiner** | **Art Unit** | |
| | Philip  S. Hyder | 2912 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application.  If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant.  See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *the amendment filed Dec 24, 2003*.

2. ☒ The allowed claim(s) is/are *the ornamental design for a tool handle*.

3. ☒ The drawings filed on *24 December 2003* are accepted by the Examiner.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All    b) ☐ Some*    c) ☐ None   of the:

      1. ☐ Certified copies of the priority documents have been received.

      2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

      3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below.  Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

6. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached

      1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____ .

    (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____ .

**Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

7. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)

2. ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3. ☐ Information Disclosure Statements (PTO-1449 or PTO/SB/08), Paper No./Mail Date _____

4. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

5. ☐ Notice of Informal Patent Application (PTO-152)

6. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

7. ☐ Examiner's Amendment/Comment

8. ☐ Examiner's Statement of Reasons for Allowance

9. ☐ Other _____ .

Philip  S. Hyder
Primary Examiner
Art Unit: 2912



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# *BIBDATASHEET*

**CONFIRMATION NO. 3622**

Bib Data Sheet

| SERIAL NUMBER 29/182,172 | FILING DATE 05/21/2003 RULE | CLASS D08 | GROUP ART UNIT 2912 | ATTORNEY DOCKET NO. 3751 |
|---|---|---|---|---|

**APPLICANTS**

Kenneth Butler SR., Putnam, CT;

** CONTINUING DATA ***************************
This application is a DIV of 08/421,220 04/13/1995 ABN

** FOREIGN APPLICATIONS *******************

IF REQUIRED, FOREIGN FILING LICENSE GRANTED  ** SMALL ENTITY **
** 06/30/2003

| Foreign Priority claimed ☐ yes ☒ no<br>35 USC 119 (a-d) conditions ☐ yes ☒ no ☐ Met after met Allowance<br>Verified and Acknowledged  Examiner's Signature _____ Initials | STATE OR COUNTRY CT | SHEETS DRAWING 3 | TOTAL CLAIMS 1 | INDEPENDENT CLAIMS 1 |
|---|---|---|---|---|

**ADDRESS**
22474
DOUGHERTY, CLEMENTS & HOFER
1901 ROXBOROUGH ROAD
SUITE300
CHARLOTTE , NC
28211

**TITLE**
Tool handle

| FILING FEE RECEIVED 165 | FEES: Authority has been given in Paper No. _____ to charge/credit DEPOSIT ACCOUNT No. _____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees ( Filing ) |
| | | ☐ 1.17 Fees ( Processing Ext. of time ) |
| | | ☐ 1.18 Fees ( Issue ) |
| | | ☐ Other _____ |
| | | ☐ Credit |

### Search Notes



| Application No. | Applicant(s) | |
|---|---|---|
| 29/182,172 | BUTLER, KENNETH | |
| Examiner | Art Unit | |
| Philip S. Hyder | 2912 | |

## SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## INTERFERENCE SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| D8 | 29 107 | 9/7/2004 | PSH |
| | | | |
| | | | |
| | | | |

## SEARCH NOTES
## (INCLUDING SEARCH STRATEGY)

| | DATE | EXMR |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| *Issue Classification* | Application No. | Applicant(s) |
|---|---|---|
| | 29/182,172 | BUTLER, KENNETH |
| | Examiner | Art Unit |
| | Philip S. Hyder | 2912 |

## ISSUE CLASSIFICATION

| ORIGINAL | | CROSS REFERENCE(S) | |
|---|---|---|---|
| CLASS | SUBCLASS | CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) |
| D8 | 29 | D8 | 107 |

| INTERNATIONAL CLASSIFICATION | | | |
|---|---|---|---|
| | | | 08/05 |
| | | | / |
| | | | / |
| | | | / |
| | | | / |

(Assistant Examiner)      (Date)

J. Scott   9-16-04
(Legal Instruments Examiner)    (Date)

PHILIP S. HYDER
PRIMARY EXAMINER
GROUP 2900
(Primary Examiner)      (Date)

**Total Claims Allowed: 1**

| O.G. Print Claim(s) | O.G. Print Fig. |
|---|---|
| 1 | 1 |

| ☐ Claims renumbered in the same order as presented by applicant | ☐ CPA | ☐ T.D. | ☐ R.1.47 |

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1 | | 31 | | 61 | | 91 | | 121 | | 151 | | 181 |
| | 2 | | 32 | | 62 | | 92 | | 122 | | 152 | | 182 |
| | 3 | | 33 | | 63 | | 93 | | 123 | | 153 | | 183 |
| | 4 | | 34 | | 64 | | 94 | | 124 | | 154 | | 184 |
| | 5 | | 35 | | 65 | | 95 | | 125 | | 155 | | 185 |
| | 6 | | 36 | | 66 | | 96 | | 126 | | 156 | | 186 |
| | 7 | | 37 | | 67 | | 97 | | 127 | | 157 | | 187 |
| | 8 | | 38 | | 68 | | 98 | | 128 | | 158 | | 188 |
| | 9 | | 39 | | 69 | | 99 | | 129 | | 159 | | 189 |
| | 10 | | 40 | | 70 | | 100 | | 130 | | 160 | | 190 |
| | 11 | | 41 | | 71 | | 101 | | 131 | | 161 | | 191 |
| | 12 | | 42 | | 72 | | 102 | | 132 | | 162 | | 192 |
| | 13 | | 43 | | 73 | | 103 | | 133 | | 163 | | 193 |
| | 14 | | 44 | | 74 | | 104 | | 134 | | 164 | | 194 |
| | 15 | | 45 | | 75 | | 105 | | 135 | | 165 | | 195 |
| | 16 | | 46 | | 76 | | 106 | | 136 | | 166 | | 196 |
| | 17 | | 47 | | 77 | | 107 | | 137 | | 167 | | 197 |
| | 18 | | 48 | | 78 | | 108 | | 138 | | 168 | | 198 |
| | 19 | | 49 | | 79 | | 109 | | 139 | | 169 | | 199 |
| | 20 | | 50 | | 80 | | 110 | | 140 | | 170 | | 200 |
| | 21 | | 51 | | 81 | | 111 | | 141 | | 171 | | 201 |
| | 22 | | 52 | | 82 | | 112 | | 142 | | 172 | | 202 |
| | 23 | | 53 | | 83 | | 113 | | 143 | | 173 | | 203 |
| | 24 | | 54 | | 84 | | 114 | | 144 | | 174 | | 204 |
| | 25 | | 55 | | 85 | | 115 | | 145 | | 175 | | 205 |
| | 26 | | 56 | | 86 | | 116 | | 146 | | 176 | | 206 |
| | 27 | | 57 | | 87 | | 117 | | 147 | | 177 | | 207 |
| | 28 | | 58 | | 88 | | 118 | | 148 | | 178 | | 208 |
| | 29 | | 59 | | 89 | | 119 | | 149 | | 179 | | 209 |
| | 30 | | 60 | | 90 | | 120 | | 150 | | 180 | | 210 |

# DESIGN ALLOWANCE HOT LIST

Appl. No. _29/182,172_          Prepared by _Joseph Scott_

Examiner-TC _2912 - Hyder_     Date _9-16-04_

## JACKET:



YES   NO   Primary Examiner box complete.

YES   NO   Locarno Classification supplied.

## PTO-892/1449:

YES (NO) Examiner's initials or cross-through lines supplied for each item cited by applicant.

YES (NO) Date(s) supplied/complete on all PTO-1449/892 sheets.  (Month and year required.)

## SPEC:



YES   NO   Brief Description of Drawings includes description of each figure in drawings.

YES   NO   Continuing data is mentioned in 1st paragraph. (Can be an insert.)

## TITLE:



YES   NO   Title matches claim.

Jul-03

PTO/SB/21 (08-00)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FORM

*(to be used for all correspondence after initial filing)*

| | |
|---|---|
| **Application Number** | 29/182,172 |
| **Filing Date** | 05/21/2003 |
| **First Named Inventor** | Kenneth Butler, Sr. |
| **Group Art Unit** | 2912 |
| **Examiner Name** | Philip S. Hyder |
| Total Number of Pages in This Submission | **Attorney Docket Number** 3751 |

## ENCLOSURES  *(check all that apply)*

- [ ] Fee Transmittal Form
  - [ ] Fee Attached
- [✓] Amendment / Reply
  - [ ] After Final
  - [ ] Affidavits/declaration(s)
- [ ] Extension of Time Request
- [ ] Express Abandonment Request
- [ ] Information Disclosure Statement
- [ ] Certified Copy of Priority Document(s)
- [ ] Response to Missing Parts/ Incomplete Application
  - [ ] Response to Missing Parts under 37 CFR 1.52 or 1.53

- [ ] Assignment Papers *(for an Application)*
- [✓] Drawing(s)
- [ ] Licensing-related Papers
- [ ] Petition
- [ ] Petition to Convert to a Provisional Application
- [ ] Power of Attorney, Revocation Change of Correspondence Address
- [ ] Terminal Disclaimer
- [ ] Request for Refund
- [ ] CD, Number of CD(s) _____

Remarks

Return Receipt Postcard

- [ ] After Allowance Communication to Group
- [ ] Appeal Communication to Board of Appeals and Interferences
- [ ] Appeal Communication to Group *(Appeal Notice, Brief, Reply Brief)*
- [ ] Proprietary Information
- [ ] Status Letter
- [✓] Other Enclosure(s) *(please identify below)*:

## RECEIVED

DEC 3 1 2003

TECH CENTER 1600/2900

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| Firm *or* Individual name | Ralph H. Dougherty DOUGHERTY, CLEMENTS & HOFER |
|---|---|
| Signature | *(signature)* |
| Date | 12/19/2003 |

## CERTIFICATE OF MAILING

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Commissioner for Patents, Washington, DC 20231 on this date: 12/19/2003

| Typed or printed name | Steven E. Smith | | |
|---|---|---|---|
| Signature | *(signature)* | Date | 12/19/2003 |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
PATENT OPERATIONS

Art Unit:      2912    (Examiner Philip S. Hyder)

Applicant:    Kenneth Butler, SR.

Serial No:    29/182,172

Filed:        May 21, 2003

Title:        TOOL HANDLE

**RECEIVED**

DEC 3 1 2003

TECH CENTER 1600/2900

Charlotte, North Carolina
December 16, 2003

Hon. Commissioner of Patents and Trademarks
P.O. Box 1450
Alexandria, Virginia 22313-1450

Dear Sir:

<u>SUBMISSION OF REPLACEMENT DRAWINGS</u>

Responsive to the Official Action of October 20, 2003, Applicant submits the attached replacement drawings, correcting all noted informalities.

Respectfully submitted,

Ralph H. Dougherty
Attorney for Applicant
Registration No. 25,851
DOUGHERTY, CLEMENTS & HOFER
The Roxborough Building
1901 Roxborough Road; Suite 300
Charlotte, North Carolina 28211
Telephone (704) 366-6642

RHD/SES
Enclosures
Attorney's Docket 3751

*Fig.1*











*Fig. 6*

*Fig. 7*



## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/182,172 | 05/21/2003 | Kenneth Butler SR. | 3751 | 3622 |

| | | |
|---|---|---|
| 22474    7590    10/20/2003 | EXAMINER | |
| DOUGHERTY, CLEMENTS & HOFER | HYDER, PHILIP S | |
| 1901 ROXBOROUGH ROAD | | |
| SUITE300 | ART UNIT | PAPER NUMBER |
| CHARLOTTE, NC  28211 | 2912 | |

DATE MAILED: 10/20/2003

Please find below and/or attached an Office communication concerning this application or proceeding.

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 29/182,172 | BUTLER, KENNETH |
| | Examiner | Art Unit |
| | Philip S. Hyder | 2912 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>2</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☐ Responsive to communication(s) filed on _____ .

2a)☐ This action is **FINAL**.    2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) _____ is/are pending in the application.

4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☒ Claim(s) _____ is/are allowed.

6)☐ Claim(s) _____ is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☒ The drawing(s) filed on <u>*21 May 2003*</u> is/are:  a)☐ accepted or b)☒ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11)☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

If approved, corrected drawings are required in reply to this Office action.

12)☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a)☐ All b)☐ Some * c)☐ None of:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. _____ .

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

14)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

a) ☐ The translation of the foreign language provisional application has been received.

15)☒ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement (PTO-1449) Paper No(s) _____ .

4) ☐ Interview Summary (PTO-413) Paper No(s). _____ .
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☒ Other: *annotated drawings* .

Application/Control Number: 29/182,172                                           Page 2

Art Unit: 2912

## DETAILED ACTION

### *Specification*

No amendments are required.

### *Drawings*

The drawings are objected to for the reasons set forth below:

1. The inset area (A) adjacent to the taper on the left end of the handle in figures 3, 5, 6, and 7 is missing from figure 1.

2. The area (B) to the right of the knurling in figures 3, 5, 6, and 7 is missing from figure 1. In figure 1 the knurled structure extends to the tapered right end.

3. While the rectangular drive end (C) is narrower than the cylindrical shaft in figures 3, 5, 6, and 7, it is the same width as the shaft in figure 1. Furthermore, the edges of the square drive look slightly rounded in figure 4 whereas they do not look rounded in the rest of the views.

4. The angle of the taper and the length of the shaft (D) in figures 3, 5, 6, and 7 are not consistent with figure 1.

5. The views are not cross hatched correctly. The cross hatching that is meant to depict knurling should appear along the outside edges of the handle. On cylindrical structures, the shading (or cross hatching in this case) should be darkest along the outside edges. If the shading or cross hatching is left out of any area, that area should be located along the center of the structure. The cross hatching is further objected to because the lines are spaced much further apart in figures 3, 5, 6, and 7 than in figure 1. In a design patent, the actual shape and arrangement of the knurling is considered to be part of the claimed design. Consequently, the knurling must be disclosed in a consistent manner.

Application/Control Number: 29/182,172                                          Page 3
Art Unit: 2912

When preparing new drawings in compliance with the requirement therefor, care must be exercised to avoid introduction of anything which could be construed to be new matter prohibited by 35 U.S.C. 132 and 37 CFR 1.121.

Since this is a continuation of application 08/421,220, said parent application must provide antecedent basis for all changes in this application. When the examiner reviewed the 08/421,220 he saw a view identical to figure 1. Accordingly, any changes corresponding to the perspective view are acceptable. The examiner did not note any views corresponding to the design in figures 3, 5, 6, and 7. Unless the examiner missed those views, the changes to the disclosure should not be based on those views.

### *Conclusion*

The claim is allowable over the cited prior art.

This application is in condition for allowance except for the following formal matters: noted above.

Prosecution on the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

A shortened statutory period for reply to this action is set to expire TWO MONTHS from the mailing date of this letter.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Philip S. Hyder whose telephone number is 703/305/3119. The examiner can normally be reached on Mon- Thurs. 6:30am - 4:30pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Tedd Shooman can be reached on 703-305-3170. The fax phone numbers for the

Application/Control Number: 29/182,172                                      Page 4
Art Unit: 2912

organization where this application or proceeding is assigned are 703-308-2742 for regular

communications and 703-308-2742 for After Final communications.

       Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the receptionist whose telephone number is 703-308-0858.

Philip  S. Hyder
Primary Examiner
Art Unit 2912

psh
October 16, 2003

| *Notice of References Cited* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 29/182,172 | BUTLER, KENNETH |

| | Examiner | Art Unit | |
|---|---|---|---|
| | Philip S. Hyder | 2912 | Page 1 of 1 |

## U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| X | A | US-D307,703 | 05-1990 | Tomasula, Ronald L. | D8/107 |
| X | B | US-D319,562 | 09-1991 | Ballard, Aaron B. | D8/29 |
| X | C | US-D475,589 | 06-2003 | Wilkinson, Kenneth C. | D8/29 |
| X | D | US-5,033,337 | 07-1991 | Thomas, III, David W. | 81/177.2 |
| X | E | US-5,680,800 | 10-1997 | Sharpe, Jon B. | 81/177.2 |
| X | F | US-5,752,418 | 05-1998 | Robins, Terry K. | 81/177.2 |
| X | G | US-5,813,296 | 09-1998 | Hoff et al. | 81/177.85 |
| X | H | US-6,604,441 | 08-2003 | Lin, Chorng-Jiang | 81/177.2 |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

## FOREIGN PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

## NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

5 - 2 2 3

29182172.052112 A-DES

PTO/SB/18 (08-00)
Approved for use through 10/31/2002. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

JC490 U.S.
PTO
05/21/03

| DESIGN PATENT APPLICATION TRANSMITTAL | Attorney Docket No. | 3751 |
|---|---|---|
| | First Named Inventor | Kenneth Butler, Sr. |
| | Title | Tool Handle |
| *(Only for new nonprovisional applications under 37 CFR 1.53(b))* | Express Mail Label No. | EV 332164635 US |

*ADDRESS TO:*
**Assistant Commissioner for Patents**
**Box Design**
**Washington, DC 20231**

**DESIGN V. UTILITY:** A "design patent" protects an article's ornamental appearance (e.g., the way an article looks) (35 U.S.C. 171), while a "utility patent" protects the way an article is used and works (35 U.S.C. 101). The ornamental appearance of an article includes its shape/configuration or surface ornamentation upon the article, or both. Both a design and a utility patent may be obtained on an article if invention resides both in its ornamental appearance and its utility. For more information see MPEP 1502.01.

## APPLICATION ELEMENTS
See MPEP chapter 1500 concerning design patent application contents.

1. ✔ Fee Transmittal Form (e.g., PTO/SB/17) *(Submit an original, and a duplicate for fee processing)*
2. ✔ Applicant claims small entity status. See 37 CFR 1.27.
3. ✔ Specification [Total Pages **2**] *(preferred arrangement set forth below, MPEP 1503.01)*
   - Preamble
   - Cross References to Related Applications
   - Statement Regarding Fed sponsored R & D
   - Description of the figure(s) of the drawings
   - Feature description
   - Claim (only one (1) claim permitted, MPEP 1503.03)
4. ✔ Drawing(s) (37 CFR 1.152) [Total Sheets **3**]
5. Oath or Declaration [Total Pages **1**]
   a. ☐ Newly executed (original or copy)
   b. ✔ Copy from a prior application (37 CFR 1.63 (d)) *(for continuation/divisional with Box 16 completed)*
      i. ☐ DELETION OF INVENTOR(S) Signed statement attached deleting inventor(s) named in the prior application, see 37 CFR 1.63(d)(2) and 1.33(b)
6. ☐ Application Data Sheet. See 37 CFR 1.76

## ACCOMPANYING APPLICATION PARTS

7. ☐ Assignment Papers (cover sheet & document(s))
8. ☐ 37 CFR 3.73(b) Statement *(when there is an assignee)* ☐ Power of Attorney
9. ☐ English Translation Document *(if applicable)*
10. ☐ Information Disclosure Statement (IDS)/PTO-1449 ☐ Copies of IDS Citations
11. ☐ Preliminary Amendment
12. ✔ Return Receipt Postcard (MPEP 503) *(Should be specifically itemized)*
13. ☐ Certified Copy of Priority Document(s) *(if foreign priority is claimed)*
14. ☐ Request for Expedited Examination of a Design Application (37 CFR 1.155) (NOTE: Substitute "Box Expedited Design" for "Box Design" in the address indicated above.)
15. ✔ Other: 1 month ext. of time

**16. If a CONTINUING APPLICATION,** check appropriate box, and supply the requisite information below and in a preliminary amendment, or in an Application Data Sheet under 37 CFR 1.76:

☐ Continuation   ✔ Divisional   ☐ Continuation-in-part (CIP)   of prior application No.: **08/421,220**

Prior application information: Examiner James G. Smith   Group Art Unit: **3723**

**For CONTINUATION or DIVISIONAL APPS only:** The entire disclosure of the prior application, from which an oath or declaration is supplied under Box 5b, is considered a part of the disclosure of the accompanying continuation or divisional application and is hereby incorporated by reference. The incorporation can only be relied upon when a portion has been inadvertently omitted from the submitted application parts.

## 17. CORRESPONDENCE ADDRESS

✔ Customer Number or Bar Code Label   22474 *(Insert Customer No. or Attach bar code label here)*   or ☐ Correspondence address below

| Name | Ralph H. Dougherty | | | |
|---|---|---|---|---|
| Address | 1901 Roxborough Road | | | |
| | Suite 300 | | | |
| City | Charlotte | State | N. C. | Zip Code 28211 |
| Country | USA | Telephone | 704-366-6642 | Fax 704-366-9744 |

| Name (Print/Type) Ralph H. Dougherty | Registration No. (Attorney/Agent) | 25,851 |
|---|---|---|
| Signature | *(signature)* | Date 05/21/2003 |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending on the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Box Design, Washington, DC 20231.

PTO/SB/17 (01-03)
Approved for use through 04/30/2003. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# FEE TRANSMITTAL
# for FY 2003

*Effective 01/01/2003. Patent fees are subject to annual revision.*

☐ Applicant claims small entity status. See 37 CFR 1.27

**TOTAL AMOUNT OF PAYMENT**        ($) 220.00

**Complete if Known**

| | |
|---|---|
| Application Number | |
| Filing Date | |
| First Named Inventor | Kenneth Butler, Sr. |
| Examiner Name | |
| Art Unit | |
| Attorney Docket No. | 3751 |

## METHOD OF PAYMENT *(check all that apply)*

☐ Check  ☑ Credit card  ☐ Money Order  ☐ Other  ☐ None

☐ Deposit Account:

| Deposit Account Number | 04-1448 |
|---|---|
| Deposit Account Name | Dougherty & Clements, LLP |

The Commissioner is authorized to: *(check all that apply)*
☐ Charge fee(s) indicated below    ☑ Credit any overpayments
☑ Charge any additional fee(s) during the pendency of this application
☐ Charge fee(s) indicated below, **except for the filing fee**
to the above-identified deposit account.

## FEE CALCULATION

### 1. BASIC FILING FEE

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description | Fee Paid |
|---|---|---|---|---|---|
| 1001 | 750 | 2001 | 375 | Utility filing fee | |
| 1002 | 330 | 2002 | 165 | Design filing fee | $165.00 |
| 1003 | 520 | 2003 | 260 | Plant filing fee | |
| 1004 | 750 | 2004 | 375 | Reissue filing fee | |
| 1005 | 160 | 2005 | 80 | Provisional filing fee | |

**SUBTOTAL (1)** ($) 165.00

### 2. EXTRA CLAIM FEES FOR UTILITY AND REISSUE

| | Extra Claims | | Fee from below | Fee Paid |
|---|---|---|---|---|
| Total Claims | 0 | -20** = | 0 | X 0 | = 0 |
| Independent Claims | 0 | -3** = | 0 | X 0 | = 0 |
| Multiple Dependent | | | 0 | = 0 |

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description |
|---|---|---|---|---|
| 1202 | 18 | 2202 | 9 | Claims in excess of 20 |
| 1201 | 84 | 2201 | 42 | Independent claims in excess of 3 |
| 1203 | 280 | 2203 | 140 | Multiple dependent claim, if not paid |
| 1204 | 84 | 2204 | 42 | ** Reissue independent claims over original patent |
| 1205 | 18 | 2205 | 9 | ** Reissue claims in excess of 20 and over original patent |

**SUBTOTAL (2)** ($) 0

**or number previously paid, if greater; For Reissues, see above

## 3. ADDITIONAL FEES

**FEE CALCULATION (continued)**

Large Entity  Small Entity

| Fee Code | Fee ($) | Fee Code | Fee ($) | Fee Description | Fee Paid |
|---|---|---|---|---|---|
| 1051 | 130 | 2051 | 65 | Surcharge - late filing fee or oath | |
| 1052 | 50 | 2052 | 25 | Surcharge - late provisional filing fee or cover sheet | |
| 1053 | 130 | 1053 | 130 | Non-English specification | |
| 1812 | 2,520 | 1812 | 2,520 | For filing a request for *ex parte* reexamination | |
| 1804 | 920* | 1804 | 920* | Requesting publication of SIR prior to Examiner action | |
| 1805 | 1,840* | 1805 | 1,840* | Requesting publication of SIR after Examiner action | |
| 1251 | 110 | 2251 | 55 | Extension for reply within first month | 55.00 |
| 1252 | 410 | 2252 | 205 | Extension for reply within second month | |
| 1253 | 930 | 2253 | 465 | Extension for reply within third month | |
| 1254 | 1,450 | 2254 | 725 | Extension for reply within fourth month | |
| 1255 | 1,970 | 2255 | 985 | Extension for reply within fifth month | |
| 1401 | 320 | 2401 | 160 | Notice of Appeal | |
| 1402 | 320 | 2402 | 160 | Filing a brief in support of an appeal | |
| 1403 | 280 | 2403 | 140 | Request for oral hearing | |
| 1451 | 1,510 | 1451 | 1,510 | Petition to institute a public use proceeding | |
| 1452 | 110 | 2452 | 55 | Petition to revive - unavoidable | |
| 1453 | 1,300 | 2453 | 650 | Petition to revive - unintentional | |
| 1501 | 1,300 | 2501 | 650 | Utility issue fee (or reissue) | |
| 1502 | 470 | 2502 | 235 | Design issue fee | |
| 1503 | 630 | 2503 | 315 | Plant issue fee | |
| 1460 | 130 | 1460 | 130 | Petitions to the Commissioner | |
| 1807 | 50 | 1807 | 50 | Processing fee under 37 CFR 1.17(q) | |
| 1806 | 180 | 1806 | 180 | Submission of Information Disclosure Stmt | |
| 8021 | 40 | 8021 | 40 | Recording each patent assignment per property (times number of properties) | |
| 1809 | 750 | 2809 | 375 | Filing a submission after final rejection (37 CFR 1.129(a)) | |
| 1810 | 750 | 2810 | 375 | For each additional invention to be examined (37 CFR 1.129(b)) | |
| 1801 | 750 | 2801 | 375 | Request for Continued Examination (RCE) | |
| 1802 | 900 | 1802 | 900 | Request for expedited examination of a design application | |

Other fee (specify)
*Reduced by Basic Filing Fee Paid

**SUBTOTAL (3)** ($) 55.00

## SUBMITTED BY

*(Complete if applicable)*

| Name (Print/Type) | Ralph H. Dougherty | Registration No. (Attorney/Agent) | 25,851 | Telephone 704-366-6642 |
|---|---|---|---|---|
| Signature | | | | Date    May 21, 2003 |

**WARNING:** Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.

This collection of information is required by 37 CFR 1.17 and 1.27. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, Washington, DC 20231.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

Docket 3751

<u>Certificate of Mailing by "Express Mail"</u>

I, <u>Teresa P. Loftin</u>, do hereby certify that the foregoing or attached documents are being deposited with the United States Postal Service as Express Mail, postage prepaid, in an envelope addressed to: Commissioner for Patents, Alexandria, VA. 22313 on <u>May 21, 2003</u>.

Name:    Teresa P. Loftin

Express Mail Label No.:    EV 332164635 US

May 21, 2003
Date of Deposit

EV332164635US

PATENT

**SPECIFICATION**

**TOOL HANDLE**

**KENNETH BUTLER, SR.**

## CROSS-REFERENCE TO RELATED APPLICATION

This Application is a divisional of U.S. Utility Patent Application Serial Number 08/421,220, filed April 13, 1995.

## PREAMBLE

Be it known that I, KENNETH BUTLER, SR., have invented a new, original, and ornamental design for a TOOL HANDLE, of which the following is a specification, reference being to the accompanying drawings, which form a part hereof.

## DESCRIPTION OF THE FIGURES

Figure 1 is perspective view of a TOOL HANDLE, showing my new design;

Figure 2 is a left end view thereof;

Figure 3  is a front view thereof;

Figure 4 is a right end view thereof;

Figure 5 is a back view thereof;

Figure 6 is a rear view thereof; and

Docket 3751

Figure 7 is a bottom view thereof.

## <u>CLAIM</u>

I claim:

The ornamental design for a TOOL HANDLE, as shown and desribed.

29182172.052103

*Fig.1*



29182172.052103



*Fig.4*

*Fig.3*

*Fig.5*

*Fig.2*

29182172.052103



*Fig. 6*

*Fig. 7*

## DECLARATION FOR PATENT APPLICATION

As the below-named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name.

I believe that I am the original, first and sole inventor of the subject matter which is claimed and for which a patent is sought on the invention entitled

_____ Tool Handle _____

the specification of which

       [X] is attached hereto
       [ ] was filed on _____ as
       Application Serial No._____
       and was amended on_____

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, 1.56(a).

I hereby claim foreign priority benefits under Title 35, United States Code, 119 of any foreign application for patent or inventor's certificate listed below and have also identified below any foreign applications for patent or inventor's certificate having a filing date before that of the application on which priority is claimed:

Prior Foreign Applications     None         Priority Claimed

                                            [ ]   [ ]
_____ _____ _____ Yes   No
(number)   (Country)   (Day/Month/Year Filed)

I hereby claim the benefit under Title 35, United States Code, 120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code 112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, 1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application.

                             None
_____ _____ _____
(Application Ser. No.)   (Filing Date)   (Status)

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

Full Name of Inventor_____ Kenneth Butler, Sr. _____

Inventor's Signature and Date _Kenneth Butler Sr. April 10 1995_

Residence _Box 23, Munyan Road, Putnam, CT 06260_____

Citizenship_____ United States _____

Post Office Address ___(same)

**BEST AVAILABLE COPY**

**BEST AVAILABLE COPY**

| | ISSUE CLASSIFICATION | | |
|---|---|---|---|
| 05/21/03 | Class | Subclass | |

| DESIGN SERIAL NUMBER | PATENT DATE | PATENT NUMBER |
|---|---|---|
| | | |

| CLASS | SUBCLASS | O.I.P.E | ART UNIT | EXAMINER |
|---|---|---|---|---|
| D8 | | SCANNED OUI ² Q.A. HK | 29.2 | H, DER |

TITLE OF INVENTION (FOR DESIGN APPLICATION ONLY):

| TERMINAL DISCLAIMER | ☐ The term of this patent subsequent to _____ (date) has been disclaimed. | ☐ The term of this patent shall not extend beyond the expiration date of Pat. No. | ☐ The terminal _____ months of this patent have been disclaimed. |
|---|---|---|---|

## ISSUING CLASSIFICATION

| ORIGINAL | | CROSS REFERENCE(S) | |
|---|---|---|---|
| CLASS | SUBCLASS | CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) |
| | | | |
| | | | |

**INTERNATIONAL CLASSIFICATION**

☐ Continued on Issue Slip Inside File Jacket

Form PTO-2009 (Rev. 4-97)

**WARNING:** The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

| PARTS OF APPLICATION FILED SEPARATELY | | CHECK BOX FOR REQUEST FOR INFORMATION ☐ |
|---|---|---|

| NOTICE OF ALLOWANCE MAILED | | |
|---|---|---|
| | Assistant Examiner | Applications Examiner |

| ISSUE FEE | | | DRAWING | | |
|---|---|---|---|---|---|
| Amount Due | Date Paid | | Sheets Drwg. | Figs. Drwg. | Print Fig. |
| | | | | | |

| | | ISSUE BATCH NUMBER |
|---|---|---|
| Label Area | Primary Examiner | |
| | PREPARED FOR ISSUE | |

**WARNING:** The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

Form PTO-450 (Rev. 7/92)

BEST AVAILABLE COPY

| POSITION | INIT. | DATE |
|---|---|---|
| CLASSIFIER | | |
| EXAMINER | | |
| TYPIST | *2/6/7*  *KS* | *06/30/03* |
| VERIFIER | | |
| CORPS CORR. | | |
| SPEC. HAND | | |
| FILE MAINT. | | |
| DRAFTING | | |

## SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| D8 | 14 | 10/16/03 | PM |
| | 29 | | |
| | 82 | | |
| | 83 | | |
| | 107 | | |
| 81 | 177.1 | 10/16/03 | PM |
| | 177.2 | | |
| | 177.85 | | |
| 7 | 58.1 | | |
| | 489 | | |
| | 124.4 | | |

## SEARCH NOTES

| | Date | Exmr. |
|---|---|---|
| Craftsman Tools Catalog 2003 Examiner's Office | 10/16/03 | PM |



BEST AVAILABLE COPY

| INTERFERENCE SEARCHED | | | |
|---|---|---|---|
| Class | Sub. | Date | Exmr. |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| EMBODIMENTS FILED |
|---|
| |
| |
| |
| |
| |

PTO/SB/18 (08-00)
Approved for use through 10/31/2002. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# DESIGN PATENT APPLICATION TRANSMITTAL

*(Only for new nonprovisional applications under 37 CFR 1.53(b))*

| | |
|---|---|
| *Attorney Docket No.* | 3751 |
| *First Named Inventor* | Kenneth Butler, Sr. |
| *Title* | Tool Handle |
| *Express Mail Label No.* | EV 332164635 US |

ADDRESS TO:
**Assistant Commissioner for Patents**
**Box Design**
**Washington, DC 20231**

**DESIGN V. UTILITY:** A "design patent" protects an article's ornamental appearance (e.g., the way an article looks) (35 U.S.C. 171), while a "utility patent" protects the way an article is used and works (35 U.S.C. 101). The ornamental appearance of an article includes its shape/configuration or surface ornamentation upon the article, or both. Both a design and a utility patent may be obtained on an article if invention resides both in its ornamental appearance and its utility. For more information see MPEP 1502.01.

## APPLICATION ELEMENTS
*See MEP chapter 1500 concerning design patent application contents.*

1. ✔ Fee Transmittal Form (e.g., PTO/SB/17)
   *(Submit an original, and a duplicate for fee processing)*
2. ✔ Applicant claims small entity status.
   *See 37 CFR 1.27.*
3. ✔ Specification  [Total Pages  **2** ]
   *(preferred arrangement set forth below, MPEP 1503.01)*
   - Preamble
   - Cross References to Related Applications
   - Statement Regarding Fed sponsored R & D
   - Description of the figure(s) of the drawings
   - Feature description
   - Claim (only one (1) claim permitted, MPEP *1503.03*)
4. ✔ Drawing(s) (37 CFR 1.152) [Total Sheets  **3** ]
5. Oath or Declaration  [Total Pages  **1** ]
   a. ☐ Newly executed (original or copy)
   b. ✔ Copy from a prior application (37 CFR 1.63 (d))
      *(for continuation/divisional with Box 16 completed)*
      i. **DELETION OF INVENTOR(S)**
         Signed statement attached deleting inventor(s) named in the prior application, see 37 CFR 1.63(d)(2) and 1.33(b)
6. ☐ Application Data Sheet. See 37 CFR 1.76

## ACCOMPANYING APPLICATION PARTS

7. ☐ Assignment Papers (cover sheet & document(s))
8. ☐ 37 CFR 3.73(b) Statement   ☐ Power of
   *(when there is an assignee)*   Attorney
9. ☐ English Translation Document *(if applicable)*
10. ☐ Information Disclosure   ☐ Copies of IDS
    Statement (IDS)/PTO-1449   Citations
11. ☐ Preliminary Amendment
12. ✔ Return Receipt Postcard (MPEP 503)
    *(Should be specifically itemized)*
13. ☐ Certified Copy of Priority Document(s)
    *(if foreign priority is claimed)*
14. ☐ Request for Expedited Examination of
    a Design Application (37 CFR 1.155)
    (NOTE: Substitute "Box Expedited Design" for "Box Design" in the address indicated above.)
15. ✔ Other: 1 month ext. of time

---

**16. If a CONTINUING APPLICATION**, *check appropriate box, and supply the requisite information below and in a preliminary amendment, or in an Application Data Sheet under 37 CFR 1.76:*

☐ Continuation   ✔ Divisional   ☐ Continuation-in-part (CIP)   of prior application No.: 08/421,220

Prior application information:   Examiner James G. Smith   Group Art Unit: 3723

**For CONTINUATION or DIVISIONAL APPS only:** The entire disclosure of the prior application, from which an oath or declaration is supplied under Box 5b, is considered a part of the disclosure of the accompanying continuation or divisional application and is hereby incorporated by reference. The incorporation can only be relied upon when a portion has been inadvertently omitted from the submitted application parts.

## 17. CORRESPONDENCE ADDRESS

✔ Customer Number or Bar Code Label   22474   *(Insert Customer No. or Attach bar code label here)*   or ☐ Correspondence address below

| | |
|---|---|
| Name | Ralph H. Dougherty |
| Address | 1901 Roxborough Road   Suite 300 |
| City | Charlotte |
| State | N. C. |
| Zip Code | 28211 |
| Country | USA |
| Telephone | 704-366-6642 |
| Fax | 704-366-9744 |

| | | | |
|---|---|---|---|
| Name (Print/Type) Ralph H. Dougherty | Registration No. (Attorney/Agent) | 25,851 | |
| Signature *Ralph H. Dougherty* | Date | 05/21/2003 | |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Box Design, Washington, DC 20231.

2918272.052103

PTO/SB/17 (01-03)
Approved for use through 04/30/2003. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# FEE TRANSMITTAL
# for FY 2003

*Effective 01/01/2003. Patent fees are subject to annual revision.*

☐ Applicant claims small entity status. See 37 CFR 1.27

| TOTAL AMOUNT OF PAYMENT | ($) 220.00 |
|---|---|

**Complete if Known**

| Application Number | |
|---|---|
| Filing Date | |
| First Named Inventor | Kenneth Butler, Sr. |
| Examiner Name | |
| Art Unit | 3751 |
| Attorney Docket No. | 3751 |

## METHOD OF PAYMENT (check all that apply)

☐ Check   ☑ Credit card   ☐ Money Order   ☐ Other   ☐ None

☐ Deposit Account:

| Deposit Account Number | 04-1448 |
|---|---|
| Deposit Account Name | Dougherty & Clements, LLP |

The Commissioner is authorized to: *(check all that apply)*
☐ Charge fee(s) indicated below   ☑ Credit any overpayments
☑ Charge any additional fee(s) during the pendency of this application
☐ Charge fee(s) indicated below, **except for the filing fee**
to the above-identified deposit account.

## FEE CALCULATION

### 1. BASIC FILING FEE

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description | Fee Paid |
|---|---|---|---|---|---|
| 1001 | 750 | 2001 | 375 | Utility filing fee | |
| 1002 | 330 | 2002 | 165 | Design filing fee | $165.00 |
| 1003 | 520 | 2003 | 260 | Plant filing fee | |
| 1004 | 750 | 2004 | 375 | Reissue filing fee | |
| 1005 | 160 | 2005 | 80 | Provisional filing fee | |

SUBTOTAL (1)   ($) $165.00

### 2. EXTRA CLAIM FEES FOR UTILITY AND REISSUE

| | Extra Claims | | Fee from below | | Fee Paid |
|---|---|---|---|---|---|
| Total Claims | 0 | -20** = | 0 | X 0 | =0 |
| Independent Claims | 0 | - 3** = | 0 | X 0 | =0 |
| Multiple Dependent | | | | 0 | =0 |

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description |
|---|---|---|---|---|
| 1202 | 18 | 2202 | 9 | Claims in excess of 20 |
| 1201 | 84 | 2201 | 42 | Independent claims in excess of 3 |
| 1203 | 280 | 2203 | 140 | Multiple dependent claim, if not paid |
| 1204 | 84 | 2204 | 42 | ** Reissue independent claims over original patent |
| 1205 | 18 | 2205 | 9 | ** Reissue claims in excess of 20 and over original patent |

SUBTOTAL (2)   ($) 0

**or number previously paid, if greater; For Reissues, see above

## FEE CALCULATION (continued)

### 3. ADDITIONAL FEES

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description | Fee Paid |
|---|---|---|---|---|---|
| 1051 | 130 | 2051 | 65 | Surcharge - late filing fee or oath | |
| 1052 | 50 | 2052 | 25 | Surcharge - late provisional filing fee or cover sheet | |
| 1053 | 130 | 1053 | 130 | Non-English specification | |
| 1812 | 2,520 | 1812 | 2,520 | For filing a request for *ex parte* reexamination | |
| 1804 | 920* | 1804 | 920* | Requesting publication of SIR prior to Examiner action | |
| 1805 | 1,840* | 1805 | 1,840* | Requesting publication of SIR after Examiner action | |
| 1251 | 110 | 2251 | 55 | Extension for reply within first month | 55.00 |
| 1252 | 410 | 2252 | 205 | Extension for reply within second month | |
| 1253 | 930 | 2253 | 465 | Extension for reply within third month | |
| 1254 | 1,450 | 2254 | 725 | Extension for reply within fourth month | |
| 1255 | 1,970 | 2255 | 985 | Extension for reply within fifth month | |
| 1401 | 320 | 2401 | 160 | Notice of Appeal | |
| 1402 | 320 | 2402 | 160 | Filing a brief in support of an appeal | |
| 1403 | 280 | 2403 | 140 | Request for oral hearing | |
| 1451 | 1,510 | 1451 | 1,510 | Petition to institute a public use proceeding | |
| 1452 | 110 | 2452 | 55 | Petition to revive - unavoidable | |
| 1453 | 1,300 | 2453 | 650 | Petition to revive - unintentional | |
| 1501 | 1,300 | 2501 | 650 | Utility issue fee (or reissue) | |
| 1502 | 470 | 2502 | 235 | Design issue fee | |
| 1503 | 630 | 2503 | 315 | Plant issue fee | |
| 1460 | 130 | 1460 | 130 | Petitions to the Commissioner | |
| 1807 | 50 | 1807 | 50 | Processing fee under 37 CFR 1.17(q) | |
| 1806 | 180 | 1806 | 180 | Submission of Information Disclosure Stmt | |
| 8021 | 40 | 8021 | 40 | Recording each patent assignment per property (times number of properties) | |
| 1809 | 750 | 2809 | 375 | Filing a submission after final rejection (37 CFR 1.129(a)) | |
| 1810 | 750 | 2810 | 375 | For each additional invention to be examined (37 CFR 1.129(b)) | |
| 1801 | 750 | 2801 | 375 | Request for Continued Examination (RCE) | |
| 1802 | 900 | 1802 | 900 | Request for expedited examination of a design application | |

Other fee (specify)

*Reduced by Basic Filing Fee Paid

SUBTOTAL (3)   ($) 55.00

## SUBMITTED BY

| | | (Complete *if applicable*) |
|---|---|---|
| Name *(Print/Type)* | Ralph H. Dougherty | Registration No. *(Attorney/Agent)*  25,851 |
| Signature | | Telephone 704-366-6642 |
| | | Date   May 21, 2003 |

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

This collection of information is required by 37 CFR 1.17 and 1.27. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, Washington, DC 20231.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

Docket 3751

## Certificate of Mailing by "Express Mail"

I, Teresa P. Loftin, do hereby certify that the foregoing or attached documents are being deposited with the United States Postal Service as Express Mail, postage prepaid, in an envelope addressed to: Commissioner for Patents, Alexandria, VA. 22313 on May 21, 2003.

Name:    Teresa P. Loftin

Express Mail Label No.:    EV  332164635 US

May 21, 2003
Date of Deposit

EV332164635US

1/3

## Fig.1







*Fig 4*

*Fig.3*

*Fig.5*

*Fig.2*

3/3



Fig. 6

Fig. 7

PATENT

**SPECIFICATION**

**TOOL HANDLE**

**KENNETH BUTLER, SR.**

## CROSS-REFERENCE TO RELATED APPLICATION

This Application is a divisional of U.S. Utility Patent Application Serial Number 08/421,220, filed April 13, 1995.

## PREAMBLE

Be it known that I, KENNETH BUTLER, SR., have invented a new, original, and ornamental design for a TOOL HANDLE, of which the following is a specification, reference being to the accompanying drawings, which form a part hereof.

## DESCRIPTION OF THE FIGURES

Figure 1 is perspective view of a TOOL HANDLE, showing my new design;

Figure 2 is a left end view thereof;

Figure 3 is a front view thereof;

Figure 4 is a right end view thereof;

Figure 5 is a back view thereof;

Figure 6 is a rear view thereof; and

Docket 3751

Figure 7 is a bottom view thereof.

## **<u>CLAIM</u>**

I claim:

The ornamental design for a TOOL HANDLE, as shown and desribed.

2

BEST AVAILABLE COPY

## DECLARATION FOR PATENT APPLICATION

As the below-named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name.

I believe that I am the original, first and sole inventor of the subject matter which is claimed and for which a patent is sought on the invention entitled

_____ Tool Handle _____

the specification of which

      [X] is attached hereto
      [ ] was filed on _____ as
      Application Serial No. _____
      and was amended on _____

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, 1.56(a).

I hereby claim foreign priority benefits under Title 35, United States Code, 119 of any foreign application for patent or inventor's certificate listed below and have also identified below any foreign applications for patent or inventor's certificate having a filing date before that of the application on which priority is claimed:

Prior Foreign Applications    **None**       Priority Claimed

|  |  |  | [ ] | [ ] |
|---|---|---|---|---|
| (number) | (Country) | (Day/Month/Year Filed) | Yes | No |

I hereby claim the benefit under Title 35, United States Code, 120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code 112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, 1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application.

                         **None**

| (Application Ser. No.) | (Filing Date) | (Status) |
|---|---|---|

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

Full Name of Inventor _____ Kenneth Butler, Sr. _____

Inventor's Signature and Date *Kenneth Butler, Sr. April 30 1995*

Residence _Box 23, Munyan Road, Putnam, CT 06260_ _____

Citizenship _____ United States _____

Post Office Address __(same)__

PATENT APPLICATION SERIAL NO. _____

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

05/23/2003 HDEMESS1 00000013 29182172
01 FC:2002                    165.00 OP

PTO-1556
   (5/87)

*U.S. Government Printing Office: 2002 — 489-267/69033

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KENNETH BUTLER, SR.,                          |
                                              |
             Plaintiff,                       |
                                              |        No. 1:12-cv-01716-SEB-DML
vs.                                           |
                                              |
BALKAMP INC.,                                 |
NATIONAL AUTOMOTIVE PARTS                     |
ASSOCIATION, GENUINE PARTS                    |
COMPANY, et al.,                              |
                                              |
             Defendants.                      |

---

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2013, I caused this **Defendants' Initial Markman Brief** to be filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record, including:

Joseph J. Zito, Esq. (jzito@dnlzito.com)
Benjamin C. Deming, Esq. (bdeming@dnlzito.com)

_/s/ John M. Bowler_
John M. Bowler